■ DOLORES DIGIANNANTONIO, Appellant, v RICHMOND HILL SAVINGS BANK et al., Respondents, et al., Defendant. [622 NYS2d 315] —In a negligence action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order and judgment (one paper) of the Supreme Court, Nassau County (Roberto, J.), dated June 16, 1993, as granted the motions of the defendants Richmond Hill Savings Bank and Stay Clean Maintenance, Inc., pursuant to CPLR 4401, made at the close of the plaintiff's case, to dismiss the complaint for failure to make out a prima facie case, and dismissed the complaint.

Ordered that the order and judgment is affirmed insofar as appealed from, with one bill of costs to the respondents appearing separately and filing separate briefs.

The plaintiff Dolores Digiannantonio allegedly sustained personal injuries when she slipped and fell on a wood chip located on the walkway of the premises of the defendant Richmond Hill Savings Bank (hereinafter the Bank). The defendant Stay Clean Maintenance, Inc. (hereinafter Stay Clean) was responsible for sweeping the walkway at the end of each business day. The gravamen of the plaintiff's claim against the Bank was that it had created a dangerous condition and/or failed or neglected to maintain the adjoining ground cover. With respect to Stay Clean the plaintiff maintained that it had failed to properly clear the walkway on the evening prior to the plaintiff's accident.

The plaintiff testified that she was a long-time customer of the Bank and that she had never observed wood chips along the walkway at any time prior to her accident. At the conclusion of the plaintiff's case, the defendant Bank and the defen-

dant Stay Clean moved for dismissal as a matter of law on the grounds that the plaintiff had failed to show that the condition complained of was dangerous, that the Bank had notice of the purported condition, or that Stay Clean had failed to properly clear the walkway on the evening prior to plaintiff's accident. The trial court granted the motions, finding that the plaintiff had failed to establish a prima facie case against the Bank and Stay Clean. We agree.

The plaintiff failed to produce expert testimony that a hazardous condition was created by the Bank. Moreover, there was no evidence that the Bank had notice of the purported condition, or that the condition had existed for any length of time *(see, Gordon v American Museum of Natural History,* 67 NY2d 836; *Bogart v Woolworth Co.,* 24 NY2d 936). There was no reasonable view of the evidence, when assessed in the light most favorable to the plaintiff, to support the plaintiff's contention that Stay Clean failed to properly clean the walkway on the day prior to the plaintiff's accident.

We have considered the plaintiff's remaining contentions and find them to be without merit. Ritter, J. P., Copertino, Joy and Hart, JJ., concur.