■ STEPHEN FONTANA et al., Respondents, v FORTUNOFF et al., Appellants. [668 NYS2d 394] —In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Kings County (Demarest, J.), dated May 14, 1997, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the defendants' motion is granted, and the complaint is dismissed.

On March 4, 1995, the plaintiff Stephen Fontana slipped and fell in a department store owned by the defendants. The plaintiffs contend that the fall resulted from the presence of flower petals on the floor.

It is well established that in order for a plaintiff in a slip and fall case to establish a prima facie case of negligence, he or she must demonstrate that the defendant created the condition which caused the accident, or that the defendant had actual or constructive notice of the condition (*see, Gordon v American Museum of Natural History*, 67 NY2d 836; *DeChirico v Church of St. Clare*, 241 AD2d 536). To constitute constructive notice, a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit a defendant's employee to discover and remedy it (*see, Gordon v American Museum of Natural History, supra*).

In the case at bar, there was no evidence that the defendants created the allegedly dangerous condition. In addition, the hearsay statement of the defendants' employee purportedly indicating that the defendants had prior actual notice of the condition is inadmissible in that there is no indication in the record that this employee possessed the authority to speak on the defendants' behalf (*see, Loschiavo v Port Auth.*, 58 NY2d 1040; *Lowen v Great Atl. & Pac. Tea Co.*, 223 AD2d 534).

The plaintiff Bonnie Fontana indicated in her deposition testimony that she had not noticed anything on the floor and had not seen her husband slip and fall on anything. "Later on" she noticed that there were flower petals on the floor. However, in opposition to the defendant's motion for summary judgment, Ms. Fontana asserted in an affidavit that 30 to 60 minutes

prior to the accident she had noticed parts of flowers "strewn haphazardly on the floor". We find this statement in the affidavit to be a belated assertion designed to avoid the consequences of dismissal by raising a feigned factual issue (*see, Miller v City of New York*, 214 AD2d 657; *Garvin v Rosenberg*, 204 AD2d 388). Thus, the defendants were entitled to summary judgment. Rosenblatt, J. P., O'Brien, Thompson, Friedmann and Goldstein, JJ., concur.