■ ALICE FARGOT, Respondent, v PATHMARK STORES, INC., et al., Appellants. [694 NYS2d 743] —In an action to recover damages for personal injuries, the defendants separately appeal, as limited by their briefs, from so much of an order of the Supreme Court, Nassau County (Winick, J.), dated December 22, 1998, as denied their respective cross motions for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, without costs or disbursements, the cross motions are granted, and the complaint and all cross claims are dismissed.

For a defendant to be liable in tort to a plaintiff who is injured as a result of an allegedly defective condition upon his property, it must be established that a defective condition actually existed, and that the landowner either affirmatively created the condition or had actual or constructive notice of its existence (*see, Thomas v Phillips,* 246 AD2d 531; *see also, Prisco v Long Is. Univ.,* 258 AD2d 451). Here, the plaintiff failed to show that either the shopping cart that she was pushing or the sidewalk where the accident occurred was defective. In addition, the plaintiff did not show that the placement of the soda vending machine constituted a hazardous condition (*see, Digiannantonio v Richmond Hill Sav. Bank,* 212 AD2d 501). Moreover, the plaintiff merely speculated as to what caused the accident. Therefore, the defendants made out a prima facie case for summary judgment, and the plaintiff failed to show the existence of an issue of fact (*see, Gianchetta v E.B. Mar.,* 258 AD2d 618; *Wright v South Nassau Communities Hosp.,* 254 AD2d 277; *Prisco v Long Is. Univ., supra*). Bracken, J. P., Ritter, Altman and Friedmann, JJ., concur.