■ ERNEST SAFARIAN, Respondent, v PYOTR BLAVATNIK et al., Appellants. [708 NYS2d 639] —In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Hubsher, J.), dated August 20, 1999, which denied their motion for summary judgment dismissing the second amended verified complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the second amended verified complaint is dismissed.

The plaintiff attended a party hosted by the defendant Vladimir Blavatnik in the home owned by Vladimir's parents, the defendants Pyotr Blavatnik and Zlata Blavatnik. At the time of the party Vladimir's parents were in Florida. The plaintiff allegedly slipped on liquid on the last step of the staircase between the first and second floors as he was descending from the second floor.

In the second amended verified complaint, the plaintiff alleged that although Vladimir's parents were not present at the time of the party they could be liable under an agency theory. As to Vladimir, the plaintiff alleged that he was negligent in allowing the liquid to remain on the step where the plaintiff fell.

The defendants made a prima facie showing that they were

entitled to judgment as a matter of law by offering sufficient evidence demonstrating the absence of any issue of material fact (*see*, CPLR 3212 [b]; *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324). In opposing the motion for summary judgment, the plaintiff failed to produce evidentiary proof in admissible form to raise a triable issue that any agency relationship existed between the defendants Pyotr Blavatnik and Zlata Blavatnik and their son Vladimir Blavatnik (*cf.*, *Zuckerman v City of New York*, 49 NY2d 557, 562).

A plaintiff in a slip and fall case must demonstrate that the defendant created the dangerous condition which caused the accident, or had actual or constructive notice of it (*see, Kraemer v K-Mart Corp.*, 226 AD2d 590). In order to constitute constructive notice, a defect must be visible and apparent, and it must exist for a sufficient length of time before the accident to permit the defendant to remedy it (*see, Gordon v American Museum of Natural History*, 67 NY2d 836, 837). Here, there is no proof that Vladimir had actual notice of the condition, and in the absence of proof as to how long the liquid was on the stairs there is no evidence to permit an inference that Vladimir had constructive notice of the dangerous condition (*see, Kraemer v K-Mart Corp., supra*). O'Brien, J. P., Altman, Friedmann, McGinity and Smith, JJ., concur.