■ ROSEMARIE BARRETTA, Respondent, v TRUMP PLAZA HOTEL AND CASINO, Appellant. [717 NYS2d 333] —In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Queens County (Schmidt, J.), entered March 7, 2000, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The plaintiff alleged that she was injured when, after exiting

the defendant hotel, she slipped and fell on an asphalt surface which led to a boardwalk. At her deposition, the plaintiff testified that she did not know whether she slipped in a puddle of water caused by a heavy rain or on a cellophane wrapper. In her affidavit in opposition to the motion, the plaintiff claimed that she was injured after she slipped in a puddle of water.

After a defendant establishes its entitlement to judgment as a matter of law, a plaintiff in a slip and fall case must demonstrate that the defendant created the dangerous condition which caused the accident, or had actual or constructive notice of it (*see, Kraemer v K-Mart Corp.*, 226 AD2d 590). The defendant here made a prima facie showing that it was entitled to judgment as a matter of law (*see,* CPLR 3212 [b]; *Safarian v Blavatnik,* 273 AD2d 217).

The plaintiff's admission at her deposition that she did not know whether she slipped in a puddle of water or on a cellophane wrapper is fatal to her complaint. Her affidavit submitted in opposition to the defendant's motion was clearly designed "to avoid the consequences of the earlier admission" (*Prunty v Keltie's Bum Steer,* 163 AD2d 595, 596; *see also, Garvin v Rosenberg,* 204 AD2d 388). In any event, even if she did slip in a puddle of water, there is no proof that the defendant created the condition or had actual notice of it, and in the absence of proof as to how long the puddle was on the asphalt surface, there is no evidence to permit an inference that the defendant had constructive notice of the condition (*see, Gordon v American Museum of Natural History,* 67 NY2d 836, 837; *Kraemer v K-Mart Corp., supra*).

Finally, the plaintiff's claim that the defendant had a customary practice of mopping up the asphalt surface after a heavy rain was wholly speculative and, as such, insufficient to defeat the defendant's motion (*see, Basta v Machicote,* 171 AD2d 832, 833). O'Brien, J. P., Sullivan, Krausman, Goldstein and Schmidt, JJ., concur.