■ JAMES NOVONI, Appellant, v LA PARMA CORP., Doing Business as LA PARMA III, Respondent. [717 NYS2d 379] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Lisa, J.), dated September 21, 1999, as granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff, who claimed to have been injured by a fall in the men's room of the defendant's restaurant, testified at his examination before trial that he did not know the cause of his fall. More than one- and one-half years later he submitted an affidavit in response to the defendant's motion for summary judgment in which he stated that he was "certain" that a piece of ice caused his fall. Contrary to the plaintiff's contention, the Supreme Court did not err in refusing to consider the latter statement, since it presented a "feigned factual issue designed to avoid the consequences of [his] earlier admission that [he] did not know the cause of [his] fall" (*Capraro v Staten Is. Univ. Hosp.*, 245 AD2d 256, 257; *see also, Fontana v Fortunoff,* 246 AD2d 626).

Since the plaintiff was unable to identify the cause of his fall in opposing the defendant's prima facie showing of entitlement to judgment as a matter of law, a trier of fact would be required to engage in impermissible speculation on the issue of causation. Under these circumstances, the defendant's motion for summary judgment was properly granted (*see, Capraro v Staten Is. Univ. Hosp., supra*; *Gianchetta v E.B. Mar.,* 258 AD2d 618; *see also, Bernstein v City of New York,* 69 NY2d 1020). Friedmann, J. P., Krausman, H. Miller and Feuerstein, JJ., concur.