■ ROSLYN PERLMAN, Appellant, v MARINOS PETRATOS, Respondent. [727 NYS2d 423] —Order, Supreme Court, New York County (Leland DeGrasse, J.), entered August 17, 1999, which, *inter alia,* dismissed plaintiff's first cause of action for negligence, affirmed, without costs. Appeal from order, same court and Justice, entered December 20, 1999, denying plaintiff's motion for reargument, unanimously dismissed, without costs.

In this action, plaintiff was injured when she fell from an examination table in the office of defendant doctor. According to plaintiff, she was seated on the table when defendant advised her that the examination was concluded and left the room. Defendant, on the other hand, asserts that he placed the electric examination table in the down mode, instructed plaintiff to remain on the table until it had fully lowered to the floor, and told her that, once the table had fully lowered, she would be assisted. In any event, plaintiff lowered herself down onto the retractable step that extended from the table, lost her footing, and fell to the floor.

Besides asserting a claim grounded in medical malpractice based upon defendant's failure to assist plaintiff from the table, she asserted a cause of action sounding in negligence. This cause of action was premised upon the allegedly defective condition of the step, which had a small area in the extreme left corner where the rubber matting covering the step was worn away. We agree with Supreme Court that dismissal of the negligence cause of action was required.

In opposition to defendant's motion for summary judgment, plaintiff failed to offer any evidentiary basis for concluding that the worn corner of the step was a contributing cause of her fall (cf., Novoni v La Parma Corp., 278 AD2d 393; Whiting v Bella Vista Dev. Corp., 267 AD2d 662; Capraro v Staten Is. Univ. Hosp., 245 AD2d 256; Zalkin v Steeplechase Amusement Co., 237 App Div 829). In this regard, the affirmation of plaintiff's counsel, who obviously had no personal knowledge of the accident, failed to address the issue. The affirmation of plaintiff's expert was similarly deficient in that it only addressed issues concerning defendant's medical malpractice and shed no light on the viability of plaintiff's negligence claim. We also note that plaintiff failed to submit an affidavit explaining the circumstances of her fall, and our independent examination of plaintiff's deposition testimony fails to reveal a factual basis to warrant denial of the motion.

Finally, insofar as plaintiff appeals from Supreme Court's denial of her motion for reconsideration, although her motion nominally sought both renewal and reargument, it is clear that it is properly viewed simply as one for reargument (see, Pahl Equip. Corp. v Kassis, 182 AD2d 22, 27, lv denied in part and dismissed in part 80 NY2d 1005), and no appeal lies from the denial of reargument (Macias v New York City Tr. Auth., 240 AD2d 196). Concur—Nardelli, Williams and Friedman, JJ.

Rosenberger, J. P., and Mazzarelli, J., dissent in a Memorandum by Mazzarelli, J., as follows: I would modify the order appealed to reinstate plaintiff's negligence claim. In opposition to that portion of defendant's summary judgment motion addressed to the negligence claim, plaintiff submitted photographs of the step attached to the examining table from which she fell. The photographs revealed that a portion of the rubber surface covering the platform had been worn away, presumably because this was an area of frequent and continued use by patients stepping off the examining table. The worn away rubber left exposed metal, with areas of rust, indicating that the hazardous metal had been exposed for a considerable period of time, arguably establishing defendant's constructive notice

thereof (*O'Connor-Miele v Barhite & Holzinger*, 234 AD2d 106, 107; *Pirrelli v Long Is. R. R.*, 226 AD2d 166). Further, defendant admitted at his deposition that he had not performed any maintenance on the examination table, or specifically on the step, for at least a year prior to the date of plaintiff's accident.

Plaintiff testified at her deposition that she thought something slippery on the examination table step caused her accident (*compare, Stanley v Lebetkin*, 123 AD2d 854, 855 [no actionable claim of negligence where plaintiff did not allege that the condition of physician's examining table or premises was in any way a cause of injuries]). Further, plaintiff's deposition testimony was not contradicted by any other evidence in the record (*cf., Novoni v La Parma Corp.*, 278 AD2d 393, *and Capraro v Staten Is. Univ. Hosp.*, 245 AD2d 256 [cases cited by the majority in which plaintiffs gave conflicting accounts as to the causes of their accidents]).

Viewing the evidence in the light most favorable to the plaintiff, as is the standard on this motion, I would find it sufficient to reinstate the negligence claim. It is for a jury, not this Court, to determine whether the defendant's failure to repair the hazardous condition of eroded rubber on the step attached to his examination table was a proximate cause of plaintiff's accident (*see, Meyer v Moreno*, 258 AD2d 315 [summary judgment unwarranted where affidavits raise issue of fact as to whether there is a reasonable connection between plaintiff's injury and the dimensions of the step on which he fell]).