■ JOSEPH BONGIORNO et al., Appellants, v PENSKE AUTOMOBILE CENTER, Respondent. [735 NYS2d 617] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Richmond County (Sangiorgio, J.), dated September 5, 2000, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

In the present case, the defendant succeeded in demonstrating its entitlement to judgment as a matter of law by submitting evidence which showed that the plaintiffs were unable to identify the alleged dangerous condition which caused the accident (*see, Alvarez v Prospect Hosp.,* 68 NY2d 320). At his examination before trial, the injured plaintiff testified that he could not identify what caused him to fall, nor did he observe any debris or hazards on the floor prior to his fall.

The affidavit of the injured plaintiff was insufficient to defeat the defendant's motion for summary judgment because it constituted an attempt to avoid the consequences of his earlier deposition testimony by raising feigned issues of fact (*see, Barretta v Trump Plaza Hotel & Casino,* 278 AD2d 262; *Bloom v La Femme Fatale,* 273 AD2d 187; *Buziashvili v Ryan,* 264 AD2d 797; *Wright v South Nassau Communities Hosp.,* 254 AD2d 277; *Califano v Campaniello,* 243 AD2d 528; *Prunty v Keltie's Bum Steer,* 163 AD2d 595).

In any event, even if the plaintiffs identified the alleged dangerous condition, the defendant would still be entitled to summary judgment because it demonstrated that it did not create any hazardous condition, or have actual notice or constructive notice of its existence (*see, Piacquadio v Recine Realty Corp.,* 84 NY2d 967; *Gordon v American Museum of Natural History,* 67 NY2d 836; *Dwoskin v Burger King Corp.,* 249 AD2d 358; *Goldman v Walbaum, Inc.,* 248 AD2d 436; *Bradish v Tank Tech Corp.,* 216 AD2d 505).

There was no evidence that anyone, including the plaintiff, saw anything on the floor where the accident occurred, nor is there any evidence that the alleged condition existed for any length of time prior to the accident to permit the defendant's employees to discover and remedy it (*see, Gordon v American Museum of Natural History, supra,* at 837). Goldstein, J. P., McGinity, H. Miller and Townes, JJ., concur.