■ VEDISH GOBERDHAN, Appellant, v WALDBAUM'S SUPERMARKET et al., Respondents. [745 NYS2d 46] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (Cowhey, J.), entered June 22, 2001, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff commenced this action to recover damages for personal injuries he allegedly sustained when he slipped on a puddle of water inside the entrance to the defendants' store. There was snow on the sidewalk outside the store, and a rug had been placed on the floor by the entrance. The plaintiff testified at his deposition that he did not notice any water on the floor by the entrance the first time he entered the store. He slipped when he entered the store for the second time a half hour later.

On their motion for summary judgment, the defendants made a prima facie showing that they neither created nor had actual or constructive notice of the puddle of water which allegedly caused the plaintiff's accident. In the absence of proof as to how long the puddle of water was on the floor, there is no evidence which would permit an inference that the defendants had constructive notice of the condition (*see Kershner v Pathmark Stores*, 280 AD2d 583).

The evidence submitted by the plaintiff failed to raise a triable issue of fact with respect to his claim of actual or constructive notice. The plaintiff's affidavit, in which he stated that he noticed the same puddle of water the first time he entered the store, presented a feigned issue of fact designed to avoid the consequences of his earlier deposition testimony and, as such, was insufficient to defeat the defendants' motion (*see Bloom v La Femme Fatale of Smithtown*, 273 AD2d 187; *Fontana v Fortunoff*, 246 AD2d 626). In addition, the hearsay statements of the defendants' employee, relied upon by the plaintiff, were inadmissible as there was no proof that the employee possessed authority to speak on the defendants' behalf (*see Tyrrell v Wal-Mart Stores*, 97 NY2d 650; *Fontana v Fortunoff, supra*).

The plaintiff's remaining contention is without merit. Feuerstein, J.P., O'Brien, Townes and Cozier, JJ., concur.