■ SHELTON SEMPLE, Appellant, v STERLING ESTATES, LLC, et al., Respondents. [751 NYS2d 306] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Cammer, J.), dated January 14, 2002, as, upon granting his motion for leave to reargue and/or renew, adhered to its prior determination in an order dated July 26, 2001, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff claimed that he injured his arm when he fell after slipping on an oily substance on a staircase in a building owned and managed by the defendants. The defendants established their prima facie entitlement to summary judgment dismissing the complaint by demonstrating the absence of a triable issue of fact regarding whether they created or had actual or constructive notice of the dangerous condition (*see Yearwood v Cushman & Wakefield,* 294 AD2d 568; *Fontana v Fortunoff,* 246 AD2d 626).

In opposition to the defendants' motion, the plaintiff contended that the defendants should be charged with constructive notice of the oily substance on the staircase at the time of his accident based on their actual knowledge of an ongoing and recurring problem with oil on the staircase (*see Osorio v Wendell Terrace Owners Corp.,* 276 AD2d 540). However, the deposition testimony of the plaintiff and the building superintendent failed to demonstrate the existence of such a recurring problem. The plaintiff testified that he never observed oil on the staircase before his accident. The building superintendent testified that he cleaned the staircases twice a week, and he observed spilled oil on only one occasion before the plaintiff's accident. The Supreme Court properly determined that the statements in the plaintiff's affidavit, which contradicted his deposition testimony, raised feigned factual issues designed to avoid the consequences of his deposition testimony (*see Regina v Friedman,* 272 AD2d 461, 462; *Fontana v Fortunoff, supra;*

*Califano v Campaniello,* 243 AD2d 528, 530). As the plaintiff failed to raise a triable issue of fact regarding whether the defendants had notice of the dangerous condition, the complaint was properly dismissed. Friedmann, J.P., H. Miller, Cozier and Mastro, JJ., concur.