■ PUBLIC ADMINISTRATOR OF THE COUNTY OF NEW YORK, Appellant, v FROTA OCEANICA BRASILEIRA, S.A., et al., Respondents. PUBLIC ADMINISTRATOR OF THE COUNTY OF NEW YORK, Appellant-Respondent, v FROTA OCEANICA BRASILEIRA, S.A., et al., Respondents, and OMNIUM TRANSPORTATION Co. et al., Respondents-Appellants. PUBLIC ADMINISTRATOR OF THE COUNTY OF NEW YORK, Appellant-Respondent, v FROTA OCEANICA BRASILEIRA, S.A., et al., Respondents-Appellants. [755 NYS2d 1] —Order, Supreme Court, New York County (Franklin Weissberg, J.), entered September 9, 1999, which, insofar as appealed from as limited by the brief, conditionally precluded plaintiff from offering certain testimony, and order, same court and Justice, entered on or about January 5, 2000, which, insofar as appealed and cross-appealed from as limited by the briefs and insofar as appealable, declared discovery closed, and order, same court and Justice, entered February 25, 2000, which, insofar as appealed from as limited by the brief, declined to restrict the defense of release, denied plaintiff leave to amend the pleadings to add a claim for Social Security payments, denied preclusion of defense evidence as to wages sought by plaintiff on the ground that the Articles of Agreement would not be available, and declined to revisit a prior denial of preclusion, and orders, same court and Justice,

entered November 30, 2000, which, inter alia, denied the respective motions of plaintiff and defendants to set aside adverse portions of the jury verdict, which verdict found the actions with respect to all estates but one barred by enforceable releases, unanimously affirmed, without costs.

The motion court's determinations, purportedly appealed and cross-appealed from, not to revisit earlier orders in the case fixing the applicable law as that articulated in *Garrett v Moore-McCormack Co.* (317 US 239) and directing an immediate trial solely on the issue of whether the subject releases were valid and enforceable, are not appealable (*see Perlman v Petratos*, 284 AD2d 269). Were those determinations properly before us, however, we would find them sustainable on the merits (*see Complaint of Bankers Trust Co.*, 752 F2d 874, 884-885; *Complaint of Molai Shipping Corp.*, 569 F Supp 523, 529; *and see McGraw v J. Ray McDermott & Co.*, 81 FRD 23, 24). The motion court's appealable pretrial dispositions, granting or denying preclusion of evidence on the basis of clear discovery malfeasance by the plaintiff's counsel or other grounds, constituted proper exercises of the court's discretion.

Neither plaintiff nor defendants, in seeking to set aside adverse portions of the jury verdict, met their burden to demonstrate that the evidence, fairly considered, did not permit the verdict reached (*see Nicastro v Park*, 113 AD2d 129, 134). Competent, albeit disputed, evidence, including evidence bearing upon the adequacy of consideration (*see Resner v Arctic Orion Fisheries*, 83 F3d 271, 274), and the sufficiency of the legal advice afforded to the survivors of the decedent seamen (*see Orsini v O/S Seabrooke O.N.*, 247 F3d 953, 964) supports all of the jury's findings as to the subject releases. We note in particular the absence of any basis to disturb the jury's verdict that the release executed by the survivors of seaman Ricardo Fontes Conde was invalid, that portion of the verdict having been based on testimony purposefully elicited by the defense from its own economics expert, and having been reached by the jury without any request by the defense for charge on the rule of law upon which it now relies.

Plaintiff's complaints as to the charge do not warrant reversal. The charge appropriately conveyed the controlling standard (*see Garrett v Moore-McCormack Co., supra*), and the verdict sheet, viewed in the context of the charge, did not create any substantial potential for confusion (*cf. Herbert H. Post & Co. v Sidney Bitterman, Inc.*, 219 AD2d 214, 224).

We have considered the remaining arguments for affirmative relief and find them unavailing. Concur—Williams, P.J., Mazzarelli, Buckley, Friedman and Marlow, JJ.