■ HELEN L. HARTMAN et al., Appellants, v MOUNTAIN VALLEY BREW PUB, INC., Respondent. [754 NYS2d 31] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Rockland County (Bergerman, J.), entered October 11, 2001, as granted that branch of the defendant's motion which was for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff Helen L. Hartman allegedly was injured when she fell on a ramp inside a pub owned by the defendant. The plaintiffs commenced this action to recover damages for personal injuries, alleging that the ramp constituted a dangerous condition. Hartman's depositions revealed that she suffered memory difficulties, and at times could not recall the accident. The Supreme Court, inter alia, granted that branch of the defendant's motion which was for summary judgment dismissing the complaint, and we affirm insofar as appealed from.

In opposition to the defendant's prima facie showing of its entitlement to judgment as a matter of law, the plaintiffs failed to submit any competent evidence tending to establish that the defendant's alleged negligence was a substantial cause of the events leading to Hartman's injuries (*see Derdiarian v Felix Contr. Corp.,* 51 NY2d 308, 315). Although the absence of direct evidence of causation would not necessarily compel a grant of summary judgment in favor of the defendant, as proximate cause may be inferred from the facts and circumstances underlying the injury, the evidence must be sufficient to permit a finding based on logical inferences from the record and not upon speculation alone (*see Schneider v Kings Highway Hosp. Ctr.,* 67 NY2d 743, 744).

Hartman's admission at her deposition that she could not identify the alleged defect that caused her to fall is fatal to the complaint since the trier of fact would be required to base a finding of proximate cause upon nothing more than speculation (*see Barretta v Trump Plaza Hotel & Casino,* 278 AD2d 262, 263; *Amadio v Pathmark Stores,* 253 AD2d 834; *Dapp v Larson,* 240 AD2d 918, 919; *Earle v Channel Home Ctr.,* 158 AD2d 507, 508). Her affidavit submitted in opposition to the defendant's motion was clearly designed "to avoid the consequences

of the earlier admissions" (*Prunty v Keltie's Bum Steer,* 163 AD2d 595, 596; *see Garvin v Rosenberg,* 204 AD2d 388). Moreover, the speculative and conclusory assertions proffered by the plaintiffs' expert were insufficient to defeat summary judgment (*see Gonzalez v 98 Mag Leasing Corp.,* 95 NY2d 124, 129; *Barretta v Trump Plaza Hotel & Casino, supra*).

In light of this determination, we do not reach the plaintiffs' remaining contentions. S. Miller, J.P., Schmidt, Townes and Crane, JJ., concur.