■ Maria Sanchez, Respondent, v City of New York et al., Defendants, and Paul's Auto Maintenance, Appellant. [758 NYS2d 824] —In an action to recover damages for personal injuries, the defendant Paul's Auto Maintenance appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Schulman, J.), dated February 15, 2002, as denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, the complaint is dismissed insofar as asserted against the appellant, and the action against the remaining defendants is severed.

The plaintiff allegedly was injured when she fell on a sidewalk abutting the appellant's service station. The appellant made a prima facie showing of entitlement to judgment as a matter of law by submitting the plaintiff's deposition testimony, which revealed that she did not know what caused her to fall (see Alvarez v Prospect Hosp., 68 NY2d 320 [1986]; Hartman v Mountain Val. Brew Pub, 301 AD2d 570 [2003]; Brown-Phifer v Cross County Mall Multiplex, 282 AD2d 564 [2001]; Novoni v La Parma Corp., 278 AD2d 393 [2000]; Barretta v Trump Plaza Hotel & Casino, 278 AD2d 262, 263 [2000]; Robinson v Lupo, 261 AD2d 525 [1999]). In opposition to the motion, the plaintiff failed to come forward with evidence sufficient to raise a triable issue of fact (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851 [1985]). The affidavit submitted in opposition to the appellant's motion was insufficient, tailored to raise a triable issue of fact, and merely raised a feigned factual issue designed to avoid the consequences of the plaintiff's earlier admission that she did not know the cause of her fall (see Hartman v Mountain Val. Brew Pub, supra; Lara v Saint John's Univ., 289 AD2d 457 [2001]; Novoni v La Parma Corp., supra; Barretta v Trump Plaza Hotel & Casino, supra). Ritter, J.P., Altman, Krausman and Crane, JJ., concur.