■ YVETTE CURRAN, Respondent, v HEDY ESPOSITO, Appellant. [764 NYS2d 209] —In an action to recover damages for personal

injuries, the defendant appeals from an order of the Supreme Court, Nassau County (Lally, J.), dated January 14, 2003, which denied her motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The plaintiff allegedly was injured when she tripped and fell down the interior staircase of the defendant's home. In her complaint and bill of particulars, the plaintiff alleged that her fall was caused by, among other things, inadequate lighting and a tear in the carpeting on the staircase. The plaintiff's deposition testimony, however, plainly reveals that she does not know what caused her to trip and fall.

The plaintiff testified that her foot became caught on something at the top of the staircase, but she did not know what it was. She could not remember which foot became caught; she thought it was her toe that became caught, although she testified that she was wearing slippers. The plaintiff could not explain exactly how or where her foot became caught. She also claimed that she heard that there was a tear in the carpeting, but she never saw it. The plaintiff testified that there was light coming from the guest bedroom when she went to descend the staircase. She never stated that she was unable to see and that she misstepped as a result (*see Wright v South Nassau Communities Hosp.*, 254 AD2d 277, 278 [1998]). The evidence adduced here establishes nothing more than a *possibility* that the plaintiff's fall was caused by the tear in the carpeting or the lack of adequate lighting (*see Silva v Village Sq. of Penna,* 251 AD2d 944, 945 [1998]; *Dapp v Larson,* 240 AD2d 918, 919 [1997]). The trier of fact would be required to base a finding of proximate cause upon nothing more than speculation (*see Hartman v Mountain Val. Brew Pub,* 301 AD2d 570 [2003]; *Christopher v New York City Tr. Auth.,* 300 AD2d 336 [2002]; *Brown-Phifer v Cross County Mall Multiplex,* 282 AD2d 564 [2001]; *Novoni v La Parma Corp.,* 278 AD2d 393 [2000]; *Visconti v 110 Huntington Assoc.,* 272 AD2d 320, 321 [2000]; *Penovich v Schoeck,* 252 AD2d 799, 800 [1998]; *Silva v Village Sq. of Penna, supra; Dapp v Larson, supra).* Thus, the plaintiff's own deposition testimony that she did not know what caused the accident is fatal to her complaint (*see* CPLR 3212 [b]; *Zuckerman v City of New York,* 49 NY2d 557, 562 [1980]; *Sanchez v City of New York,* 305 AD2d 487 [2003]; *Christopher v New York City Tr. Auth., supra; Bongiorno v Penske Auto. Ctr.,* 289 AD2d 520, 521 [2001]; *Brown-Phifer v Cross County Mall Multiplex, supra; Barretta v Trump Plaza Hotel & Casino,*

278 AD2d 262, 263 [2000]; *Wright v South Nassau Communities Hosp., supra; Amadio v Pathmark Stores,* 253 AD2d 834 [1998]; *Dapp v Larson, supra*). In opposition to the motion, the plaintiff did not sufficiently rebut this fatal lapse in her case (*see Moody v Woolworth Co.,* 288 AD2d 446, 447 [2001]; *Fargot v Pathmark Stores,* 264 AD2d 708 [1999]; *Robinson v Lupo,* 261 AD2d 525 [1999]). Therefore, the Supreme Court erred in denying the defendant's motion for summary judgment. Florio, J.P., Schmidt, Crane and Cozier, JJ., concur.