ANNIE TEJADA, Appellant, v JONATHAN JONAS, Respondent. [792 NYS2d 605]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (Barone, J.), dated April 7, 2004, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff was injured when she slipped and fell on a carpeted stairway inside a house she rented from the defendant. The defendant demonstrated his entitlement to judgment as a matter of law by submitting the plaintiff's deposition testimony, in which she admitted that she had "no idea" why she slipped (*see Curran v Esposito*, 308 AD2d 428 [2003]; *Burnstein v Mandalay Caterers*, 306 AD2d 428 [2003]; *Sanchez v City of New York*, 305 AD2d 487 [2003]; *Novoni v La Parma Corp.*, 278 AD2d 393 [2000]). Although the plaintiff also testified at her deposition that the carpeting on the stairway was worn and loose, her surmise that the condition of the carpeting caused her fall was insufficient to raise a triable issue of fact because "[t]he trier of fact would be required to base a finding of proximate cause upon nothing more than speculation" (*Curran v Esposito, supra* at 429; *see also Sheffield v Joseph*, 4 AD3d 522 [2004]; *Novoni v La Parma Corp., supra*; *Silva v Village Sq. of Penna*, 251 AD2d 944 [1998]). Moreover, the affidavit the plaintiff submitted in opposition was insufficient to defeat the motion because it merely raised a feigned factual issue designed to avoid the consequences of her deposition testimony (*see Sanchez v City of New York, supra*; *Novoni v La Parma Corp., supra*;

*Capraro v Staten Is. Univ. Hosp.*, 245 AD2d 256 [1997]). Florio, J.P., Santucci, Krausman and Rivera, JJ., concur.