■ Louis J. Fox et al., Respondents, v Watermill Enterprises, Inc., et al., Appellants, et al., Defendants. (And a Third-Party Action.) [796 NYS2d 697]—

In an action to recover damages for personal injuries, etc., the defendants Watermill Enterprises, Inc., doing business as Watermill Inn, Scotto's Smithtown Restaurant Corp., doing business as Watermill, Scotto's Smithtown Restaurant Corp., doing business as Café Bravissimo, and Katsaros Brothers Realty, LLC, appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Tanenbaum, J.), dated April 13, 2004, as denied their motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, the complaint is dismissed insofar as asserted against the appellants, and the action against the remaining defendants is severed.

The plaintiff Louis J. Fox allegedly was injured when he tripped and fell on a step while descending a stairway at the appellants' restaurant. The appellants made a prima facie showing of entitlement to judgment as a matter of law by submitting Fox's deposition testimony that he did not know what caused him to trip and fall (see *Sanchez v City of New York*, 305 AD2d 487 [2003]; *Hartman v Mountain Val. Brew Pub*, 301 AD2d 570 [2003]). In opposition, the plaintiffs submitted the affidavit of an engineering expert whose opinion that the accident was proximately caused by the appellants' negligence was, among other things, conclusory and failed to raise a triable issue of fact (see *Rosario v Trump Mgt.*, 7 AD3d 504 [2004]). Cozier, J.P., Ritter, Krausman and Skelos, JJ., concur.