■ Hasheem Mitchell, Appellant, v Mongoose, Inc., Defendant, and Bellitte Bicycles, Respondent. [796 NYS2d 421]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Dollard, J.), dated March 4, 2004, which granted the motion of the defendant Bellitte Bicycles for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed, with costs.

The plaintiff was injured when he fell from a bicycle he allegedly purchased in February 1995 from the defendant Bellitte Bicycles (hereinafter Bellitte). According to the plaintiff, he returned to Bellitte six times between the summer of 1995 and the date of the accident for repairs, alleging that the chain would not switch properly to a higher gear. The plaintiff commenced this action to recover damages for personal injuries, asserting that Bellitte negligently repaired the bicycle and that such negligence was the cause of his accident. The Supreme Court granted Bellitte's motion for summary judgment dismissing the complaint insofar as asserted against it. We affirm.

Bellitte established its prima facie entitlement to summary judgment by submitting evidence that the accident could not possibly happen as described by the plaintiff because a chain displaced from a crank would not cause a front wheel to lock. In response, the plaintiff reiterated his version of the accident, but failed to refute Bellitte's contention that the locking of the front wheel was not possible. The plaintiff failed to submit any competent evidence tending to establish a factual issue as to whether the front wheel could lock due to any chain disengagement or whether Bellitte's alleged negligence was a substantial cause of his accident (see *Rochford v City of Yonkers*, 12 AD3d 433 [2004]; *Hartman v Mountain Val. Brew Pub*, 301 AD2d 570 [2003]). "Although the absence of direct evidence of causation would not necessarily compel a grant of summary judgment in favor of the defendant, as proximate cause may be inferred from the facts and circumstances underlying the injury, the evidence must be sufficient to permit a finding based on logical inferences from the record and not upon speculation alone" (*Hartman v Mountain Val. Brew Pub, supra* at 370; *see Schneider v Kings Highway Hosp. Ctr.*, 67 NY2d 743, 744 [1986]). The plaintiff's deposition testimony and attorney's affirmation merely offered speculation that Bellitte's alleged negligence in

its repair of the bicycle chain caused the plaintiff's accident. Accordingly, the plaintiff's opposition to the motion was insufficient to defeat Bellitte's motion for summary judgment (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *Hongach v City of New York*, 8 AD3d 622 [2004]). S. Miller, J.P., Goldstein, Crane and Lifson, JJ., concur.