■ JOAN ISRAEL et al., Respondents, v FAIRHARBOR OWNERS, INC., et al., Appellants. [798 NYS2d 139]—

In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Suffolk County (Costello, J.), dated September 29, 2004, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The plaintiff Joan Israel (hereinafter the plaintiff) allegedly was injured when she fell on a walkway in the apartment complex owned and maintained by the defendants. The defendants made a prima facie showing of entitlement to judgment as a matter of law by submitting the plaintiff's deposition testimony, which revealed that she did not know what caused her to fall until she was shown a defective area of the walkway by two residents of the apartment complex after the accident occurred, who did not witness the accident (*see Sanchez v City of New York,* 305 AD2d 487 [2003]; *Hartman v Mountain Val. Brew Pub,* 301 AD2d 570 [2003]; *Novoni v La Parma Corp.,* 278 AD2d 393 [2000]; *Barretta v Trump Plaza Hotel & Casino,* 278 AD2d 262, 263 [2000]). In opposition to the motion, the plaintiff failed to come forward with evidence sufficient to raise a triable issue of fact (*see Alvarez v Prospect Hosp.,* 68 NY2d 320, 324 [1986]). The affidavit submitted in opposition to the motion was tailored to raise a triable issue of fact and merely raised a feigned factual issue designed to avoid the consequences of the plaintiff's earlier admissions (*see Sanchez v City of New York, supra; Lara v Saint John's Univ.,* 289 AD2d 457 [2001]; *Novoni v La Parma Corp., supra; Barretta v Trump Plaza Hotel & Casino, supra* at 263). H. Miller, J.P., Schmidt, Adams and Goldstein, JJ., concur.