■ RENEE FISHELBERG, Respondent, v EMMONS AVENUE HOSPITALITY CORP., Doing Business as FOR GOODNESS STEAK, Defendant and Third-Party Plaintiff-Appellant. CITY OF NEW YORK, Third-Party Defendant-Respondent. [810 NYS2d 502]—

In an action to recover damages for personal injuries, the defendant third-party plaintiff appeals from an order of the Supreme Court, Kings County (Knipel, J.), dated May 28, 2004, which denied its motion for summary judgment dismissing the complaint and the counterclaims asserted by the third-party defendant.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint and counterclaims asserted by the third-party defendant are dismissed.

The plaintiff allegedly was injured when she fell on a public sidewalk adjacent to a restaurant owned by the appellant.

An abutting landowner will not be liable to a pedestrian injured as a result of a defect on a public sidewalk unless the landowner created the defective condition or caused the defect to occur because of some special use of the sidewalk, or if "a local ordinance or statute specifically charges [the] landowner with a duty to maintain and repair the sidewalks and imposes liability for injuries resulting from the breach of that duty" (*Hausser v Giunta*, 88 NY2d 449, 453 [1996]; *see Romero v City of New York*, 5 AD3d 657 [2004]; *Ivanyushkina v City of New York*, 300 AD2d 544 [2002]; *Pratt v Villa Roma Country Club*, 277 AD2d 298, 299 [2000]; *Winberry v City of New York*, 257 AD2d 618, 619 [1999]).

The appellant made a prima facie showing of entitlement to judgment as a matter of law by submitting the plaintiff's deposition testimony, which revealed that she did not fall on the appellant's driveway and, in fact, did not know what caused the accident (*see Duncan v Toles,* 21 AD3d 984 [2005]; *Israel v Fairharbor Owners, Inc.,* 20 AD3d 392 [2005]; *Fox v Watermill Enters., Inc.,* 19 AD3d 364 [2005]).

As no violation of any ordinance or statute was alleged here, and the plaintiff admitted that she did not fall on an area of the sidewalk from which the appellant derived a special benefit, it was incumbent upon the plaintiff to raise a triable issue of fact as to whether the appellant created the defective condition that proximately caused her accident. This she failed to do. Her affidavit submitted in opposition to the motion contained "only bare conclusory assertions" as to the cause of the accident (*Amatulli v Delhi Constr. Corp.,* 77 NY2d 525, 533 [1991]; *see Friends of Animals v Associated Fur Mfrs.,* 46 NY2d 1065, 1068 [1979]). Indeed, had the assertions been more than conclusory, the affidavit would still have been insufficient to defeat the motion in light of the plaintiff's earlier admissions during her deposition (*see Israel v Fairharbor Owners, supra* at 392; *Hartman v Mountain Val. Brew Pub,* 301 AD2d 570, 570-571 [2003]; *Goberdhan v Waldbaum's Supermarket,* 295 AD2d 564, 565 [2002]; *Garvin v Rosenberg,* 204 AD2d 388 [1994]).

Accordingly, as the plaintiff failed to raise a triable issue of fact, the Supreme Court should have granted the appellant's motion for summary judgment dismissing the complaint and the counterclaims asserted by the third-party defendant. Schmidt, J.P., Krausman, Luciano and Mastro, JJ., concur.