■ NIKHAMA GOLBA, Respondent, v CITY OF NEW YORK, Defendant, and FRANCO GIAMBANCO, Appellant. (And a Third-Party Action.) [813 NYS2d 125]—

In an action to recover damages for personal injuries, the defendant Frank Giambanco appeals from so much of an order of the Supreme Court, Kings County (Solomon, J.), dated March 16, 2005, as denied his motion for summary judgment dismissing the complaint insofar as asserted against him.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion of the defendant Frank Giambanco is granted, the complaint is dismissed insofar as asserted against him, and the action against the remaining defendant is severed.

The plaintiff allegedly sustained injuries when she tripped and fell in the alley between her house and the adjacent house owned by the defendant Frank Giambanco, or on the abutting sidewalk. Giambanco established his prima facie entitlement to judgment as a matter of law by submitting the plaintiff's deposition testimony, which revealed that she was unable to state the cause of her fall. The plaintiff's own deposition testimony that she did not know what caused her fall was fatal to her complaint because the trier of fact would be required to base its finding of proximate cause on pure speculation (*see Curran v Esposito*, 308 AD2d 428, 429 [2003]; *Sanchez v City of New York*, 305 AD2d 487 [2003]). In opposition to the motion, the plaintiff failed to present evidence sufficient to raise a triable issue of fact as to Giambanco's liability. Therefore, the Supreme Court erred in denying Giambanco's motion for summary judgment (*see Sanchez v City of New York, supra*). Florio, J.P., Krausman, Goldstein and Lifson, JJ., concur.