■ CAITLAN GONZALO et al., Appellants, v JOLINE ESTATES HOMEOWNERS ASSOCIATION, INC., et al., Respondents. [815 NYS2d 181]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Richmond County (Giacobbe, J.), dated January 14, 2005, which granted the separate motions of the defendant RJP Building Corp. and Joline Estates Homeowners Association, Inc., for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed, with one bill of costs.

The infant plaintiff was injured when her bicycle fell over while she was riding on a drainage grating in front of her house. At her deposition, she testified that "I was just riding over it and it got stuck." As noted by the Supreme Court, "[w]here, as here, the plaintiff merely testified that her tire got stuck in a grate which had not been shown to be dangerous or defective, a jury would be impermissibly required to speculate as to the cause of the accident."

In support of their claim of liability, the plaintiffs submitted a sworn engineer's report stating the plaintiff's bicycle "catapulted over a $1^3/_4$ inch sudden vertical lip" in the street grade adjoining the grating "and immediately dropped into a $1^1/_2$ × $4^1/_2$ drain slot." The engineer's report stated that the vertical lip in the street grade adjoining the grating constituted a defect in violation of the Administrative Code of the City of New York, which required that the grating be flush with the adjoining concrete. However, the allegation that the bicycle "catapulted" over the vertical lip into a drain slot is pure speculation, contrary to the infant plaintiff's description of the accident, and unsupported by any other evidence.

In addition, the plaintiffs' engineer alleged that a different storm water drain should have been used because the defendants "knew or should have known of the highly probable presence of bicycle traffic passing over this trench drain and the consequences of a bicycle wheel slipping into the $1^1/_2$ wide slot." This allegation is also pure speculation, unsupported by any statute, regulation, or industry-wide standard or accepted practice (*see Rosen v Tanning Loft*, 16 AD3d 480 [2005]; *Trojahn v O'Neill*, 5 AD3d 472 [2004]).

In view of the foregoing, summary judgment was properly granted to the defendants. Miller, J.P., Ritter, Goldstein and Lunn, JJ., concur.