■ DON GOLDBERGER, Respondent, v HARRY GOLDBERGER et al., Appellants. [816 NYS2d 528]—

In an action to recover damages for personal injuries, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Rivera, J.), dated April 15, 2005, as denied their motion for summary judgment.

Ordered that the order is affirmed insofar as appealed from, with costs.

In support of their motion for summary judgment, the defendants offered, inter alia, the deposition testimony of the plaintiff, who stated that he fell when a chair in the bedroom he was occupying in the defendants' home "broke." It is undisputed that the elderly plaintiff was alone at the time of the occurrence. In his deposition testimony, also submitted by the defendants in support of their motion, the plaintiff's son, the defendant Harry Goldberger, stated that upon hearing a crash, he went to the bedroom, where he saw the plaintiff sitting on the floor with parts of the broken chair around him, and that the plaintiff was injured.

Although there were no witnesses to the plaintiff's fall, the proof adduced by the defendants, and in particular the plaintiff's deposition testimony, demonstrated that the cause of the plaintiff's accident and resulting injury was the breaking of the chair in his room. Thus, the sole basis for the defendants' motion, that causation was speculative, was contradicted by the proof which the defendants themselves adduced; the defendants failed to demonstrate their entitlement to judgment as a matter of law (see Alvarez v Prospect Hosp., 68 NY2d 320 [1986]; cf. Fishelberg v Emmons Ave. Hospitality Corp., 26 AD3d 460 [2006]; Fox v Watermill Enters., Inc., 19 AD3d 364 [2005]; Hartman v Mountain Val. Brew Pub, 301 AD2d 570 [2003]; Bitterman v Grotyohann, 295 AD2d 383 [2002]). Therefore, it is unnecessary to consider the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]; Tiles v City of New York, 262 AD2d 174 [1999]).

The defendants' remaining contention is unpreserved for appellate review (see New York & Presbyt. Hosp. v Progressive Cas. Ins. Co., 5 AD3d 568 [2004]) and, in any event, is without merit. Miller, J.P., Luciano, Lifson and Covello, JJ., concur.