■ WENDY WOODWARD, Appellant, v JACQUELINE MENDEZ et al., Respondents. [817 NYS2d 109]—

In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Suffolk County (Oliver, J.), dated October 8, 2004, which granted the defendants' motion for summary judgment dismissing the complaint and (2) a judgment of the same court entered Febru-

ary 3, 2005, which, upon the order, is in favor of the defendants and against her dismissing the complaint.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the defendants.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The plaintiff was a tenant in the second floor apartment of the defendants' home. At 12:15 A.M., on July 9, 2001, she allegedly sustained injuries when she fell while descending the porch stairs. In her complaint and bill of particulars, the plaintiff alleged that her fall was caused by inadequate lighting. At her deposition, she testified that the motion sensor light on the porch was not working when she fell. The plaintiff's deposition testimony revealed, however, that she never complained to the defendants about the lighting prior to her accident. The defendants' deposition testimony revealed that the light worked earlier on the night of the accident and the next night.

The defendants met their initial burden of establishing their prima facie entitlement to judgment as a matter of law (*see Hartman v Mountain Val. Brew Pub*, 301 AD2d 570 [2003]). In opposition, the plaintiff failed to raise a triable issue of fact as to whether the defendants had actual or constructive notice that the light was not operating properly (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]; *Rodriguez v Cafaro*, 17 AD3d 658 [2005]; *Curran v Esposito*, 308 AD2d 428 [2003]). Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint. Santucci, J.P., Spolzino, Lifson and Covello, JJ., concur.