■ GHAZI HAMOUDEH, Respondent, v GARY J. MANDEL et al., Appellants. [880 NYS2d 674]—

In an action to recover damages for legal malpractice, the defendants appeal from an order of the Supreme Court, Queens County (Lane, J.), dated July 28, 2008, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is granted.

The plaintiff allegedly slipped and fell while descending an exterior staircase of a private residence. The plaintiff retained the defendants to commence an action to recover damages for his personal injuries. Subsequently, the plaintiff commenced this action against the defendants, alleging that they had failed to timely commence such an action. During a deposition, the plaintiff stated that he did not know what had caused him to fall. The defendants moved for summary judgment, contending that the plaintiff would not have prevailed in the underlying action even if they had timely commenced an action. The Supreme Court denied the motion. We reverse.

To establish a cause of action to recover damages for legal malpractice, a plaintiff must prove that the attorney "failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession and that the attorney's breach of this duty proximately caused the plaintiff actual and ascertainable damages" (*Maiolini v McAdams & Fallon, P.C.,* 61 AD3d 644, 645 [2009] [citations and internal quotation marks omitted]). "To establish causation, a plaintiff must show that he or she would have prevailed in the underlying action or would not have incurred any damages, but for the lawyer's negligence" (*id.* [citations omitted]; *see also Pedro v Walker,* 46 AD3d 789 [2007]; *Lichtenstein v Barenbaum,* 23 AD3d 440 [2005]; *Porello v Longworth,* 21 AD3d 541 [2005]; *Dimond v Kazmierczuk & McGrath,* 15 AD3d 526 [2005]; *Iannarone v Gramer,* 256 AD2d 443, 444 [1998]).

Here, the defendants established, prima facie, that even if they had commenced a timely action, the plaintiff would not have been successful on the merits, since he could not identify what had caused him to fall (*see Costantino v Webel,* 57 AD3d 472 [2008]; *Karwowski v New York City Tr. Auth.,* 44 AD3d 826 [2007]; *Manning v 6638 18th Ave. Realty Corp.,* 28 AD3d 434 [2006]; *Golba v City of New York,* 27 AD3d 524 [2006]; *Tejada v Jonas,* 17 AD3d 448 [2005]). In opposition, the plaintiff failed to raise a triable issue of fact (*see Denicola v Costello,* 44 AD3d 990 [2007]; *Tejada v Jonas,* 17 AD3d 448 [2005]; *Sanchez v City of New York,* 305 AD2d 487 [2003]). Mastro, J.P., Miller, Chambers and Austin, JJ., concur.