CHRISTINA CORRADO et al., Appellants, v PETER M. VATH et al., Respondents. [894 NYS2d 107]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from (1) an order of the Supreme Court, Suffolk County (Cohalan, J.), dated January 14, 2009, which granted the defendants' motion for summary judgment dismiss-

ing the complaint, and (2) a judgment of the same court entered March 19, 2009, which, upon the order, is in favor of the defendants and against them, dismissing the complaint.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondents.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

On August 2, 2003, the infant plaintiff, then 11 years old, allegedly sustained injuries when she fell off of a bicycle while attempting to ride over two ramps which were erected on the sidewalk at the edge of the defendants' driveway. The plaintiffs and the defendants resided on the same street. The infant plaintiff's father commenced this action against the defendants on her behalf and individually. After the completion of pretrial discovery, the defendants moved for summary judgment dismissing the complaint. The Supreme Court granted the motion, and judgment was entered thereon. We affirm.

At her deposition, the infant plaintiff testified, inter alia, that she remembered riding up the ramp but did not remember coming down. While there was a "little space" between the two ramps, the infant plaintiff stated that she did not know what caused her to fall. On the day of the accident and prior to her fall, the infant plaintiff had gone over the ramps several times without incident. The defendants established their prima facie entitlement to judgment as a matter of law by submitting, inter alia, the infant plaintiff's deposition testimony, as well as that of her parents and the defendants, which demonstrated that any finding as to proximate cause would be based on mere speculation (*see Gonzalo v Joline Estates Homeowners Assn., Inc.*, 29 AD3d 631, 632 [2006]; *Rygel v 8750 Bay Parkway, LLC*, 16 AD3d 572, 572-573 [2005]; *Johnson v Leach Co.*, 5 AD3d 735, 736 [2004]). In opposition, the plaintiffs failed to raise a triable issue of fact as to the cause of the infant plaintiff's accident. They offered only speculation that the accident was caused by a gap between the two ramps catching one of the wheels of the bicycle (*see Gonzalo v Joline Estates Homeowners Assn., Inc.*, 29 AD3d at 632; *Mitchell v Mongoose, Inc.*, 19 AD3d 380, 381 [2005]). At best, the plaintiffs' evidence showed a possibility that the infant plaintiff's fall was caused by a gap be-

tween the ramps. Without more, the trier of fact would be required to base a finding of proximate cause upon nothing more than speculation (*see Curran v Esposito*, 308 AD2d 428, 429 [2003]).

The plaintiffs' remaining contentions are either improperly raised for the first time on appeal or without merit. Dillon, J.P., Covello, Miller and Chambers, JJ., concur.