■ RONALD A. MARKOWITZ, Appellant, v KURZMAN EISENBERG CORBIN LEVER & GOODMAN, LLP, Defendant, and RICHARD A. DANZIG, Respondent. [917 NYS2d 683]—

To establish a cause of action to recover damages for legal malpractice, a plaintiff must prove that the attorney "failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession and that the attorney's breach of this duty proximately caused the plaintiff actual and ascertainable damages" (*Hamoudeh v Mandel*, 62 AD3d 948, 949 [2009], quoting *Maiolini v McAdams & Fallon, P.C.*, 61 AD3d 644, 645 [2009]). "To establish causation, a plaintiff must show that he or she would have prevailed in the underlying action or would not have incurred any damages, but for the lawyer's negligence" (*Hamoudeh v Mandel*, 62 AD3d at 949 [internal quotation marks omitted]). "[T]he failure to demonstrate proximate cause requires dismissal of a legal malpractice action regardless of whether the attorney was negligent" (*Von Duerring v Hession & Bekoff*, 71 AD3d 760, 760 [2010] [internal quotation marks omitted]). "To succeed on a motion for summary judgment, a defendant must establish that the plaintiff is unable to prove at least one of the essential elements of the cause of action" (*Dupree v Voorhees*, 68 AD3d 810, 811 [2009]; *see Greene v Sager*, 78 AD3d 777 [2010]). The defendant Richard A. Danzig made a prima facie showing that the plaintiff would be unable to prove that, but for the alleged malpractice, he would have prevailed on his claim that he was entitled to the payment of 50% of camp fees for his children in the underlying matrimonial action. In opposition, the plaintiff failed to raise a triable issue of fact.

The plaintiff's remaining contentions are without merit.

Accordingly, the Supreme Court properly granted that branch of Danzig's motion which was for summary judgment dismissing the complaint insofar as asserted against him (*see Hamoudeh v Mandel*, 62 AD3d at 949; *Orchard Motorcycle Distribs., Inc. v Morrison Cohen Singer & Weinstein, LLP*, 49 AD3d 292, 293 [2008]; *Olaiya v Golden*, 45 AD3d 823, 823-824 [2007]; *Napolitano v Markotsis & Lieberman*, 50 AD3d 657, 657-658 [2008]; *Thaler & Thaler v Gupta*, 208 AD2d 1130, 1132 [1994]). Mastro, J.P., Balkin, Leventhal and Miller, JJ., concur.