■ DOROTHY ORTIZ-TULLA, Appellant, v FEDERATED DEPARTMENT STORES, INC., Formerly Known as MACY's, et al., Respondents. [930 NYS2d 81]—

The plaintiff commenced the instant action against Federated Department Stores, Inc., formerly known as Macy's (hereinafter Federated), to recover damages for personal injuries allegedly sustained when she fell on a floor in a Macy's department store (hereinafter the store) as a result of Federated's negligence. Later, the plaintiff amended her complaint to add, as defendants, among others, Ultimate Services, Inc., and USI Services Group, Inc., (hereinafter together the USI defendants), alleging that each of them negligently provided cleaning services at the store.

After joining issue, Federated moved, inter alia, for summary

judgment dismissing the complaint insofar as asserted against it on various grounds, and the USI defendants separately moved, among other things, for summary judgment dismissing the complaint insofar as asserted against them on various grounds.

The Supreme Court, inter alia, in effect, granted that branch of Federated's motion which was for summary judgment dismissing the complaint insofar as asserted against it and that branch of the USI defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against them. The plaintiff appeals.

Although we agree with the plaintiff that the Supreme Court erred in determining that Federated and the USI defendants, in their respective motions, established their prima facie entitlement to judgment as a matter of law by demonstrating via the plaintiff's deposition testimony that she cannot identify the cause of her fall (*see generally Boyd v Rome Realty Leasing Ltd. Partnership*, 21 AD3d 920, 921 [2005]; *Garcia v New York City Tr. Auth.*, 269 AD2d 142, 142-143 [2000]; *Ingersoll v Liberty Bank of Buffalo*, 278 NY 1, 7 [1938]; *cf. Reiff v Beechwood Browns Rd. Bldg. Corp.*, 54 AD3d 1015, 1016 [2008]; *Manning v 6638 18th Ave. Realty Corp.*, 28 AD3d 434, 435 [2006]; *Golba v City of New York*, 27 AD3d 524 [2006]; *Curran v Esposito*, 308 AD2d 428, 429 [2003]; *Lee v Rite Aid of N.Y.*, 261 AD2d 368, 368-369 [1999]; *Pianforini v Kelties Bum Steer*, 258 AD2d 634, 635 [1999]), we conclude nonetheless that the Supreme Court properly determined that they are entitled to summary judgment dismissing the complaint insofar as asserted against them on an alternate ground. In particular, Federated and the USI defendants, in their respective motions, established their prima facie entitlement to judgment as a matter of law by demonstrating that they did not cause or create the alleged hazardous condition that caused the plaintiff's fall or have actual notice or constructive notice of such condition for a sufficient length of time to discover and remedy it (*see Frazier v City of New York*, 47 AD3d 757, 758 [2008]). In opposition, the plaintiff failed to raise a triable issue of fact, either through her own affidavit (*see Harris v Five Point Mission—Camp Olmstedt*, 73 AD3d 1127, 1128-1129 [2010]; *McFadden v Village of Ossining*, 48 AD3d 761, 762 [2008]; *Fontana v Fortunoff*, 246 AD2d 626, 626-627 [1998]) or that of her expert (*see Harris v Five Point Mission-Camp Olmstedt*, 73 AD3d at 1129; *Tomol v Sbarro, Inc.*, 306 AD2d 461 [2003]; *Mankowski v Two Park Co.*, 225 AD2d 673, 674 [1996]). Accordingly, the Supreme Court properly granted those branches of the respective motions of Federated and the USI defendants which were for summary judgment dismissing

the complaint insofar as asserted against them. Skelos, J.P., Dickerson, Leventhal and Lott, JJ., concur.