■ ALYSSA TRAFICENTI, Respondent, v MOORE CATHOLIC HIGH SCHOOL et al., Appellants, et al., Defendant. [724 NYS2d 24] —Order, Supreme Court, Bronx County (Joseph Giamboi, J.), entered November 14, 2000, which denied defendants-appellants' motion for summary judgment dismissing the complaint as against them, unanimously affirmed, without costs.

Plaintiff, who voluntarily participated in an extracurricular, school-sponsored high school cheerleading competition, was injured when, while performing a stunt, her spotter failed to catch her and she fell to the wooden gym floor. Both plaintiff and a then captain of the cheerleading squad testified that the coach of the team, a teacher at the school, failed to provide supervision and that basic decisions relevant to the cheerleading routines, including those as to the stunts to be performed and the assignment of cheerleading tasks in the execution of such stunts, were instead made by the team captains. The motion court properly found that this testimony was sufficient to raise a triable issue as to whether appellants, by failing to supervise the cheerleading activities of the students in their charge and thus leaving crucial decisions as to the conduct of the student routines to the students themselves, unreasonably increased the risks to the student participants and in so doing breached the supervisory duty owed those students (*see, Benitez v New York City Bd. of Educ.*, 73 NY2d 650, 658). We note, however, that, contrary to the expressed view of the motion court, liability may not be imposed upon the theory that defendants failed to require the use of mats during the routine in which plaintiff was injured. The risk posed plaintiff by performing her cheerleading routine on a bare wood gym floor, as opposed to a matted surface, was obvious and, under the circumstances presented, must be deemed to have been freely assumed (*see, id.; Fisher v Syosset Cent. School Dist.*, 264 AD2d 438).

We cannot agree with appellants' contention that the student spotter's failure to catch plaintiff was the intervening and superseding cause of the accident. There is no reason to view the spotter's failure as having broken the causal chain; it cannot be said that the spotter's error was not foreseeable (*see, Derdiarian v Felix Contr. Corp.*, 51 NY2d 308) and plaintiff has raised an issue of fact as to whether that error was proximately caused by a failure on appellants' part to properly instruct the team so as to assure that the risks of the activity in which the students were engaged under their aegis were not unreasonably augmented. Concur—Nardelli, J. P., Tom, Andrias, Rubin and Saxe, JJ.