■ SUSAN M. RENDINE, Respondent, v ST. JOHN'S UNIVERSITY et al., Appellants, et al., Defendant. [735 NYS2d 173] —In an action to recover damages for personal injuries, the defendants St. John's University, Donna O'Reilly, and Julia Hegler appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Polizzi, J.), dated March 9, 2001, as denied their motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, the complaint is dismissed insofar as asserted against the appellants, and the action against the remaining defendant is severed.

The 19-year-old plaintiff, a sophomore in college with extensive cheerleading experience, was injured when she fell to the ground while attempting the so-called "Liberty Stunt" with her partner, the defendant Michael Tomeo. The stunt required the plaintiff to be lifted above Mr. Tomeo's head and to stand with one leg on top of Mr. Tomeo's joined hands. The plaintiff averred that, prior to attempting the stunt, she requested that her coach, the defendant Donna O'Reilly, provide her with a "spotter" to stand next to the performers and catch her if she fell. The plaintiff contended that the request was denied because there were no spotters available. Ms. O'Reilly denies that any such request was made.

Under the circumstances, the plaintiff assumed the risks of the sport in which she voluntarily engaged including the obvious risk that she might fall onto the floor while she and her partner were performing the stunt (*see, Fisher v Syosset Cent. School Dist.,* 264 AD2d 438, 439). Notably, the safety manual of the American Association of Cheerleading Coaches and Advisors requires that a spotter be used for the Liberty Stunt only for high school students who have not yet mastered this particular stunt.

On the record before us, we further conclude as a matter of law that there was no showing of inherent compulsion and that the plaintiff's injury was not the consequence of a failed duty of care on the part of the appellants (*see, Benitez v New York City Bd. of Educ.,* 73 NY2d 650, 658).

The plaintiff's remaining contention is without merit. O'Brien, J. P., S. Miller, McGinity, Schmidt and Townes, JJ., concur.