■ JOHN P. SHEA et al., Appellants, v SKY BOUNCE BALL CO., INC., et al., Respondents, et al., Defendant. [742 NYS2d 383] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Dye, J.), dated January 12, 2001, as granted those branches of the separate motions of the defendants Sky Bounce Ball Co., Inc., and Goldman Bros., Inc., which were for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed, with one bill of costs.

While the injured plaintiff was playing a pickup game of stickball, a stickball bat accidentally flew out of another player's hands and struck his right eye. The injured plaintiff and his wife commenced this action alleging, inter alia, negligence and products liability against the manufacturer of the stickball bat, Sky Bounce Ball Co., Inc. (hereinafter Sky

Bounce), and the retailer who sold the bat, Goldman Bros., Inc. (hereinafter Goldman). Goldman moved and Sky Bounce separately moved, inter alia, for summary judgment dismissing the complaint insofar as asserted as against them.

It is well settled that "by engaging in a sport or recreational activity, a participant consents to those commonly appreciated risks which are inherent in and arise out of the nature of the sport generally and flow from such participation" (*Morgan v State of New York,* 90 NY2d 471, 484). By submitting evidence to establish that the danger of a bat slipping out of a player's hands is common in a game of stickball, and was foreseeable by the plaintiff (*see Checchi v Socorro,* 169 AD2d 807), Sky Bounce and Goldman made out a prima facie case supporting those branches of their respective motions which were for summary judgment dismissing the complaint.

The expert's affidavit submitted by the plaintiffs in opposition was without probative force and was insufficient to defeat summary judgment. The professional background of the plaintiffs' expert, which did not include experience in determining the safety of stickball bats, was insufficient to lend credence to his opinions, and he failed to provide a scientific basis for his conclusions (*see Romano v Stanley,* 90 NY2d 444). Accordingly, the Supreme Court properly granted those branches of the separate motions of the defendants Goldman and Sky Bounce which were for summary judgment dismissing the complaint insofar as asserted against them. Florio, J.P., S. Miller, Schmidt and Cozier, JJ., concur.