■ MARGARITA REYES, Appellant, v CITY OF NEW YORK, Defendant, and MORTON TABAK et al., Respondents. [814 NYS2d 873]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (Schulman, J.), dated May 28, 2004, as granted the motion of the defendants Pro Concrete Contractors Corp. and Atlas Transit Mix Corporation, and the separate motion of the defendants Morton Tabak, Bernard Tabak, Myra Tabak, and 221 E. 10th Street, Inc., for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

The defendants Pro Concrete Contractors Corp. (hereinafter Pro Concrete) and Atlas Transit Mix Corporation (hereinafter Atlas) established their prima facie entitlement to judgment as a matter of law by demonstrating that they did not create the alleged dangerous condition or have a contractual duty to maintain and repair the subject sidewalk (*see Paladino v Time Warner Cable of N.Y. City,* 16 AD3d 646 [2005]). Moreover, inasmuch as Pro Concrete and Atlas, the independent contractors hired by the owners, defendants Morton Tabak, Bernard Tabak, Myra Tabak, and 221 E. 10th Street (hereinafter collectively the owners), established their prima facie entitlement to judgment as a matter of law, the owners alleged to be vicariously liable for the contractors' negligence likewise established their prima facie entitlement to judgment as a matter of law.

In opposition, the plaintiff failed to raise a triable issue of fact. The Supreme Court properly rejected the affidavit of the

plaintiff's expert on the grounds that it was speculative and conclusory (*see Gralnik v Brighton Beach Assoc.*, 3 AD3d 518 [2004]). An expert's affidavit proffered as the sole evidence to defeat summary judgment must contain sufficient allegations to demonstrate that the conclusions it contains are more than mere speculation and would, if offered alone at trial, support a verdict in the proponent's favor (*see Romano v Stanley*, 90 NY2d 444 [1997]). Here, the expert affidavit provided no data to indicate the scientific basis for the expert engineer's conclusion as to the age of the various portions of the sidewalk (*see Paladino v Time Warner Cable of N.Y. City, supra; Shea v Sky Bounce Ball Co.*, 294 AD2d 486 [2002]). Adams, J.P., Mastro, Fisher and Covello, JJ., concur.