■ Nicole DiGiose et al., Respondents, v Bellmore-Merrick Central High School District et al., Appellants. [855 NYS2d 199]—

In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Nassau County (Davis, J.), dated July 12, 2007, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is granted.

The infant plaintiff, a high school sophomore with extensive cheerleading experience, was injured during cheerleading practice in her high school gym when the cheerleader that she was "spotting" fell without warning and knocked her to the

floor. The plaintiffs allege that the defendants were negligent in allowing her to practice cheerleading stunts on a gym floor that was not covered by a protective mat and that the defendants had failed to instruct and supervise her properly in the activity. The Supreme Court denied the defendants' motion for summary judgment dismissing the complaint. We reverse.

"[B]y engaging in a sport or recreational activity, a participant consents to those commonly appreciated risks which are inherent in and arise out of the nature of the sport generally and flow from such participation" (*Morgan v State of New York*, 90 NY2d 471, 484 [1997]). In support of their motion, the defendants established their entitlement to judgment as a matter of law by demonstrating that the plaintiff engaged in the activity of cheerleading knowing the risks inherent in that activity (*see Weber v William Floyd School Dist., UFSD*, 272 AD2d 396, 397 [2000]; *Fisher v Syosset Cent. School Dist.*, 264 AD2d 438, 439 [1999]).

In opposition, the plaintiffs failed to raise a triable issue of fact. Even where the risk of the activity is assumed, "a board of education, its employees, agents and organized athletic councils must exercise ordinary reasonable care to protect student athletes voluntarily involved in extracurricular sports from unassumed, concealed or unreasonably increased risks" (*Benitez v New York City Bd. of Educ.*, 73 NY2d 650, 658 [1989]). Here, however, the affidavit of the plaintiffs' expert, upon which the plaintiffs relied to oppose the motion, consisted only of speculative and conclusory opinions to support the conclusion that the defendants had unreasonably increased the risks to the plaintiff by failing to provide mats or to instruct and supervise her properly in the activity. Thus, it was insufficient to satisfy the plaintiffs' burden in opposition to the defendants' motion (*see Lombardo v Cedar Brook Golf & Tennis Club, Inc.*, 39 AD3d 818, 819 [2007]; *D'Auguste v Shanty Hollow Corp.*, 26 AD3d 403, 404 [2006]; *Barbato v Hollow Hills Country Club*, 14 AD3d 522, 523 [2005]; *Shea v Sky Bounce Ball Co.*, 294 AD2d 486, 487 [2002]), and the defendants' motion for summary judgment dismissing the complaint should have been granted. Spolzino, J.P., Ritter, Santucci and Carni, JJ., concur.