■ CARIN LOMONICO, an Infant, by CAMILLE LOMONICO, as Parent and Natural Guardian, Respondent, v MASSAPEQUA PUBLIC SCHOOLS, Appellant. [923 NYS2d 631]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Nassau County (Marber, J.), dated August 17, 2010, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is granted.

The plaintiff, an experienced high school cheerleader, allegedly was injured during cheerleading practice when a teammate fell on her during the performance of the "liberty" stunt. The plaintiff commenced this action, alleging, inter alia, that the defendant was negligent in failing to instruct and supervise the cheerleaders properly in performing the stunt and in failing to provide protective floor mats. The defendant moved for summary judgment dismissing the complaint, and the Supreme Court denied the motion. We reverse.

"[B]y engaging in a sport or recreational activity, a participant consents to those commonly appreciated risks which are inherent in and arise out of the nature of the sport generally and flow from such participation" (*Morgan v State of New York*, 90 NY2d 471, 484 [1997]; *see Trupia v Lake George Cent. School Dist.*, 14 NY3d 392, 395 [2010]). Even where the risk of injury is assumed, however, a school must exercise ordinary reasonable care to protect student athletes voluntarily involved in extracurricular sports from "unassumed, concealed, or unreasonably increased risks" (*Benitez v New York City Bd. of Educ.*, 73 NY2d 650, 654 [1989]).

Here, with respect to the issue of liability, the defendant established, prima facie, that the infant plaintiff voluntarily engaged in the activity of cheerleading, including the performance of stunts, and that, as an experienced cheerleader, she knew the risks inherent in the activity (*see DiGiose v Bellmore-Merrick Cent. High School Dist.*, 50 AD3d 623, 624 [2008]). The defendant also made a prima facie showing that there was not a lack of supervision by the defendant. In addition, the plaintiff assumed the obvious risk of injury from practicing on a bare gym floor (*see Traficenti v Moore Catholic High School*, 282 AD2d 216 [2001]; *Fisher v Syosset Cent. School Dist.*, 264 AD2d 438 [1999]).

Moreover, with respect to the issue of proximate cause, the defendant demonstrated that the plaintiff did not know why the accident occurred, such that any claim of alleged negligence by the defendant would be based "on nothing more than surmise, conjecture and speculation" (*Henry v Cobleskill-Richmondville Cent. School Dist.*, 13 AD3d 968, 970 [2004] [internal quotation marks omitted]; *see Corrado v Vath*, 70 AD3d 624, 625 [2010]; *Tejada v Jonas*, 17 AD3d 448 [2005]; *Curran v Esposito*, 308 AD2d 428, 429 [2003]).

In opposition, the plaintiff failed to raise a triable issue of fact.

Accordingly, the Supreme Court should have granted the defendant's motion for summary judgment dismissing the complaint. Rivera, J.P., Skelos, Florio and Austin, JJ., concur.
**[Prior Case History: 2010 NY Slip Op 32333(U).]**