■ TIFFANY TESTA et al., Respondents, v EAST MEADOW UNION FREE SCHOOL DISTRICT, Appellant, et al., Defendant. [938 NYS2d 903]—

The plaintiffs commenced this action to recover damages for personal injuries allegedly sustained by the infant plaintiff when she fell while performing a cheerleading stunt, which she had performed numerous times in the past. The defendant East Meadow Union Free School District (hereinafter the defendant) established its prima facie entitlement to judgment as a matter of law based on the defense of primary assumption of risk by demonstrating that the infant plaintiff assumed the risk of injury by voluntarily engaging in the activity of cheerleading with knowledge of its inherent risks (*see Lomonico v Massapequa Pub. Schools*, 84 AD3d 1033 [2011]; *DiGiose v Bellmore-Merrick Cent. High School Dist.*, 50 AD3d 623 [2008]; *Rendine v St. John's Univ.*, 289 AD2d 465 [2001]; *Weber v William Floyd School Dist., UFSD*, 272 AD2d 396 [2000]; *Fisher v Syosset Cent. School Dist.*, 264 AD2d 438 [1999]). The defendant also made a prima facie showing that it did not fail to properly supervise the infant plaintiff (*see Lomonico v Massapequa Pub. Schools*, 84 AD3d 1033 [2011]).

In opposition, the plaintiffs failed to raise a triable issue of fact. The opinion of the plaintiffs' expert, submitted in opposition to the motion, was insufficient to raise a triable issue of fact, as it was not in admissible form (*see* CPLR 2106; *Doumanis v Conzo*, 265 AD2d 296 [1999]; *see also Moore v 3 Phase Equestrian Ctr., Inc.*, 83 AD3d 677 [2011]; *Hegy v Coller*, 262 AD2d 606 [1999]), and no excuse was provided for the failure to tender the evidence in admissible form (*see generally Moffett v Gerardi*, 75 AD3d 496, 498 [2010]).

Accordingly, the defendant's motion for summary judgment dismissing the complaint insofar as asserted against it should have been granted. Skelos, J.P., Balkin, Roman and Sgroi, JJ., concur.