■ KRISTINA D. et al., Respondents, v NESAQUAKE MIDDLE SCHOOL, Defendant, and SMITHTOWN CENTRAL SCHOOL DISTRICT et al., Appellants. [949 NYS2d 745]—

In an action to recover damages for personal injuries, etc., the defendants Smithtown Central School District and Alyssa Papesca appeal from an order of the Supreme Court, Suffolk County (Whelan, J.), dated October 20, 2011, which denied their motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed, on the law, with costs, and the motion of the defendants Smithtown Central School District and Alyssa Papesca for summary judgment dismissing the complaint insofar as asserted against them is granted.

The infant plaintiff, an experienced middle school cheerleader, allegedly was injured during cheerleading practice when she fell during the performance of a "shoulder stand," a stunt she had performed many times in the past. The plaintiffs commenced this action, alleging, among other things, that the defendants Smithtown Central School District and cheerleading coach Alyssa Papesca (hereinafter the appellants) were negligent in, among other things, failing to supervise the cheerleaders properly in performing the stunt. The appellants moved for summary judgment dismissing the complaint insofar as asserted against them. The Supreme Court denied the motion.

"[B]y engaging in a sport or recreational activity, a participant consents to those commonly appreciated risks which are inherent in and arise out of the nature of the sport generally and flow from such participation" (*Morgan v State of New York*, 90 NY2d 471, 484 [1997]; *see Trupia v Lake George Cent. School Dist.*, 14 NY3d 392, 395 [2010]). Even where the risk of injury is assumed, however, a school must exercise ordinary reasonable care to protect student athletes voluntarily involved in extracurricular sports from "unassumed, concealed, or unreasonably increased risks" (*Benitez v New York City Bd. of Educ.*, 73 NY2d 650, 654 [1989]).

Here, the appellants established, prima facie, that the infant plaintiff voluntarily engaged in the activity of cheerleading,

including the performance of stunts, and that, as an experienced cheerleader, she knew the risks inherent in the activity (*see Testa v East Meadow Union Free School Dist.*, 92 AD3d 940, 941 [2012]; *Lomonico v Massapequa Pub. Schools*, 84 AD3d 1033, 1034 [2011]; *DiGiose v Bellmore-Merrick Cent. High School Dist.*, 50 AD3d 623, 624 [2008]). The appellants also made a prima facie showing that the infant plaintiff was adequately supervised (*see Testa v East Meadow Union Free School Dist.*, 92 AD3d at 941). In opposition, the plaintiffs' speculative and conclusory statements and allegations failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Accordingly, the appellants' motion for summary judgment dismissing the complaint insofar as asserted against them should have been granted. Dillon, J.P., Belen, Austin and Sgroi, JJ., concur.