In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Orange County (Bartlett, J.), dated November 16, 2011, which granted the defendants’ motion for summary judgment dismissing the complaint.
Ordered that the order is affirmed, with costs.
On January 21, 2009, the infant plaintiff, an experienced high school cheerleader, allegedly was injured when she fell while performing the “Pyramid” stunt on a bare lobby floor during *721 cheerleading practice. The plaintiffs commenced this action, alleging, inter alia, that the defendants were negligent in failing to supervise the cheerleaders properly and in failing to provide protective floor mats.
“Under the doctrine of primary assumption of risk, a person who voluntarily participates in a sporting activity generally consents, by his or her participation, to those injury-causing events, conditions, and risks which are inherent in the activity” (O’Connor v Hewlett-Woodmere Union Free Sch. Dist., 103 AD3d 862, 862-863 [2013]; see Morgan v State of New York, 90 NY2d 471, 484 [1997]; Turcotte v Fell, 68 NY2d 432, 439 [1986]). “Risks inherent in a sporting activity are those which are known, apparent, natural, or reasonably foreseeable consequences of the participation” (O’Connor v Hewlett-Woodmere Union Free Sch. Dist., 103 AD3d at 863; see Morgan v State of New York, 90 NY2d at 484; Turcotte v Fell, 68 NY2d at 439). Even where the risk of injury is assumed, however, a school must exercise ordinary reasonable care to protect student athletes voluntarily involved in extracurricular sports from “unassumed, concealed, or unreasonably increased risks” (Benitez v New York City Bd. of Educ., 73 NY2d 650, 654 [1989]).
Here, the defendants established, prima facie, that the infant plaintiff voluntarily engaged in the activity of cheerleading, including the performance of stunts, and that, as an experienced high school cheerleader, she knew the risks inherent in the activity, including those associated with practicing on a bare lobby floor (see Kristina D. v Nesaquake Middle Sch., 98 AD3d 600, 600-601 [2012]; Testa v East Meadow Union Free School Dist., 92 AD3d 940, 941 [2012]; Lomonico v Massapequa Pub. Schools, 84 AD3d 1033, 1034 [2011]; DiGiose v Bellmore-Merrick Cent. High School Dist., 50 AD3d 623, 624 [2008]; cf. Traficenti v Moore Catholic High School, 282 AD2d 216 [2001]; Fisher v Syosset Cent. School Dist., 264 AD2d 438, 439 [1999]). The defendants also made a prima facie showing that they did not fail to supervise the cheerleading practice (see Lomonico v Massapequa Pub. Schools, 84 AD3d at 1034).
In opposition, the plaintiffs failed to raise a triable issue of fact. The infant plaintiffs voluntary participation in practice on the bare lobby floor on the date of the accident did not implicate the doctrine of inherent compulsion (see Benitez v New York City Bd. of Educ., 73 NY2d at 658; Musante v Oceanside Union Free School Dist., 63 AD3d 806, 807 [2009]).
Accordingly, the Supreme Court properly granted the defendants’ motion for summary judgment dismissing the complaint. Rivera, J.E, Dickerson, Leventhal and Roman, JJ., concur.