In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Fastoressa, J.), dated March 18, 2013, which granted the defendants’ motion for summary judgment dismissing the complaint and denied her cross motion to compel an additional nonparty witness to appear for a deposition.
Ordered that the order is affirmed, with costs.
The plaintiff was participating in a step aerobics class at the defendants’ fitness center when she allegedly lost her footing and fell, causing her to sustain injuries. “[B]y engaging in a sport or recreational activity, a participant consents to those commonly appreciated risks which are inherent in and arise out of the nature of the sport generally and flow from such participation” (Morgan v State of New York, 90 NY2d 471, 484 [1997]). In support of their motion, the defendants established their prima facie entitlement to judgment as a matter of law by demonstrating that the plaintiff assumed the risk of injury by voluntarily participating in the subject class (see Ramirez v *737 Lucille Roberts Health Clubs, Inc., 110 AD3d 975 [2013]; Berry v Bally Total Fitness Corp., 272 AD2d 354, 355 [2000]).
In opposition, the plaintiff failed to raise a triable issue of fact. The affidavit of the plaintiffs expert consisted only of a speculative and conclusory opinion that the defendants had unreasonably increased the risks to the plaintiff by failing to instruct and supervise her properly in the activity and in placing too many risers underneath the plaintiffs step platform. Thus, it was insufficient to satisfy the plaintiffs burden in opposition to the defendants’ motion (see DiGiose v BellmoreMerrick Cent. High School Dist., 50 AD3d 623, 624 [2008]).
The plaintiffs remaining contentions are without merit.
Therefore, the Supreme Court properly granted the defendants’ motion and denied the plaintiffs cross motion.
Eng, EJ., Rivera, Roman and LaSalle, JJ., concur.