Farrell v Marist Coll. (2026 NY Slip Op 01490)

Farrell v Marist Coll.

2026 NY Slip Op 01490

Decided on March 18, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 18, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
VALERIE BRATHWAITE NELSON
PHILLIP HOM
ELENA GOLDBERG VELAZQUEZ, JJ.

2022-05134
 (Index No. 80004/21)

[*1]Ryan Lynne Farrell, appellant,
vMarist College, et al., respondents.

Bendall & Mednick (Powers & Santola, LLP, Albany, NY [Michael J. Hutter], of counsel), for appellant.
Gordon Rees Scully Mansukhani, LLP, Harrison, NY (Julia E. Braun of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Dutchess County (Christi J. Acker, J.), dated June 7, 2022. The order granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff, an experienced cheerleader at the defendant Marist College, allegedly was injured during a cheerleading exhibition when a teammate fell on her during the performance of a "pyramid formation." The plaintiff commenced this action against Marist College and her cheerleading coach, Kristen Rudemyer, alleging, inter alia, that Rudemyer was negligent in allowing the plaintiff to participate when the plaintiff was hungover from having consumed alcohol the night before. The defendants moved for summary judgment dismissing the complaint. The Supreme Court granted the motion. The plaintiff appeals.
Under the doctrine of primary assumption of risk, a person who voluntarily participates in a sporting activity generally consents, by such participation, to those injury-causing events, conditions, and risks which are inherent in the activity (see Katleski v Cazenovia Golf Club, Inc., 44 NY3d 212, 218; Morgan v State of New York, 90 NY2d 471, 484). "Risks inherent in a sporting activity are those which are known, apparent, natural, or reasonably foreseeable consequences of the participation" (O'Connor v Hewlett-Woodmere Union Free Sch. Dist., 103 AD3d 862, 863; see Morgan v State of New York, 90 NY2d at 484). "It is not necessary to the application of assumption of risk that the injured plaintiff have foreseen the exact manner in which his or her injury occurred, so long as he or she is aware of the potential for injury of the mechanism from which the injury results" (Maddox v City of New York, 66 NY2d 270, 278; see Grady v Chenango Val. Cent. Sch. Dist., 40 NY3d 89, 95). Thus, the risks of becoming injured due to fatigue (see Benitez v New York City Bd. of Educ., 73 NY2d 650, 659), and the plaintiff or a teammate falling during a cheerleading stunt (see Kristina D. v Nesaquake Middle Sch., 98 AD3d 600, 600-601; Testa v East Meadow Union Free School Dist., 92 AD3d 940, 941; Lomonico v Massapequa Pub. Schools, 84 AD3d 1033, 1034), even when the cheerleading risks were enhanced due to a bare floor (see Stach v Warwick Val. Cent. Sch. Dist., 106 AD3d 720, 721; DiGiose v Bellmore-Merrick [*2]Cent. High School Dist., 50 AD3d 623, 624) or a teammate participating with a sprained ankle (see Jurgensen v Webster Cent. Sch. Dist., 126 AD3d 1423, 1424-1425), are risks various participants are legally deemed to have accepted personal responsibility for because they commonly inhere in the nature of those activities (see Morgan v State of New York, 90 NY2d at 484).
Here, the defendants demonstrated that the plaintiff voluntarily engaged in the activity of cheerleading, including the performance of stunts, and that, as an experienced cheerleader, she knew the risks inherent in the activity, including those associated with participating in the pyramid formation (see Stach v Warwick Val. Cent. Sch. Dist., 106 AD3d at 721; Kristina D. v Nesaquake Middle Sch., 98 AD3d at 600-601), and participating when she may have been fatigued (see Benitez v New York City Bd. of Educ., 73 NY2d at 659). In opposition, the plaintiff failed to raise a triable issue of fact.
Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint.
CONNOLLY, J.P., BRATHWAITE NELSON, HOM and GOLDBERG VELAZQUEZ, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court