■ FRANCOISE D'MEZA, Respondent, v CITY OF NEW YORK, Appellant. (Action No. 1.) LAUSANNE CORDICE, Respondent, v CITY OF NEW YORK, Appellant, and FRANCOIS D'MEZA, Respondent. (Action No. 2.) [729 NYS2d 645] —In an action to recover damages for wrongful death (Action No. 1), and a related action to recover damages for personal injuries (Action No. 2), the defendant City of New York appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Bruno, J.), entered March 20, 2000, as denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it in both actions.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion for summary judgment is granted, the complaints and all cross claims in both actions are dismissed insofar as asserted against the appellant, and the action against the remaining defendant in Action No. 2 is severed.

The deceased Alain D'Meza and the plaintiff in Action No. 2, Lausanne Cordice, were injured when their motorcycle, operated by the deceased, was involved in an accident. The plaintiffs in both actions allege that the negligence of the defendant City of New York in the design, construction, and maintenance of the road in question caused the accident. The Supreme Court subsequently denied the City's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it in both actions. We reverse.

The defendant proved its entitlement to judgment as a matter of law by establishing that any alleged negligence on its part was not a proximate cause of the accident (*see, Zuckerman v City of New York,* 49 NY2d 557). In opposition to the motion, the respondents offered only speculation as to how the accident occurred, and failed to raise any triable issue of fact that the appellant's alleged negligence was a proximate cause of the accident (*see, Derdiarian v Felix Contr. Corp.,* 51 NY2d 308; *Murray v State of New York,* 38 NY2d 782). Therefore, the appellant was entitled to summary judgment dismissing the complaints and all cross claims insofar as asserted against it in both actions. Ritter, J. P., S. Miller, Feuerstein and Schmidt, JJ., concur.