■ Thomas Trojahn et al., Respondents, v Richard C. O'Neill, Defendant, and Citibank, N.A., Appellant. [773 NYS2d 99]—

In an action to recover damages for personal injuries and wrongful death, the defendant Citibank, N.A., appeals from an order of the Supreme Court, Queens County (Price, J.), dated June 5, 2003, which denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint is dismissed insofar as asserted against the defendant Citibank, N.A., and the action against the remaining defendant is severed.

The decedent, Nelly Trojahn, and her infant daughter, Melissa Trojahn, were walking in a parking lot owned by the defendant Citibank, N.A. (hereinafter Citibank), when they were struck by a car owned and operated by the defendant Richard O'Neill. Nelly Trojahn died as a result of the injuries she sustained in the accident and Melissa Trojahn sustained personal injuries.

The plaintiff commenced this action against, among others, Citibank, alleging, inter alia, that Citibank was negligent in its ownership, operation, and control of the parking lot. Citibank subsequently moved for summary judgment, relying on police

reports and deposition testimony indicating that O'Neill struck the Trojahns while traveling at a high rate of speed and looking in another direction, and that Citibank personnel were not aware of any prior accidents in the parking lot. In response, the plaintiff argued that Citibank negligently designed the parking lot by permitting tall vehicles such as vans to park near the walkway connecting its building to the parking lot, thereby eliminating the line of sight between motorists and pedestrians. The plaintiff submitted an affidavit of an expert who concluded that "[g]ood practice in the design and maintenance of a parking lot dictates safety, maneuverability and lines of sight" and that "CITIBANK deviated from good practice by eliminating the line of sight for pedestrians and operators of automobiles and by eliminating safety to pedestrians." Citibank, in reply, submitted an affidavit of its own expert who stated that "there are no design criteria, laws, codes or statutes which require or recommend that parking lot owners issue height restrictions on vehicles which would bar vans and minivans from parking lots" and that "[s]ight [l]ine restrictions for temporary objects such as vehicles are not part of the design criteria for parking lots." The Supreme Court denied the motion for summary judgment, finding that the plaintiff's expert affidavit raised an issue of fact as to whether the parking lot design contributed to the accident. We reverse.

In this regard, the conclusion of the plaintiff's expert that the parking lot was defectively designed, without setting forth any violations of industry wide standards or accepted practices in the field of parking lot design and construction, was insignificant (*see Cervone v Tuzzolo,* 291 AD2d 426 [2002]; *Hofmann v Toys "R" Us-NY Ltd. Partnership,* 272 AD2d 296 [2000]; *Franco v Muro,* 224 AD2d 579 [1996]). In fact, the report of Citibank's expert, properly submitted in reply to the plaintiff's opposition to the motion (*see Lebar Constr. Corp. v HRH Constr. Corp.,* 292 AD2d 506 [2002]), demonstrated that there were no industrywide standards.

Accordingly, Citibank established entitlement to summary judgment and the plaintiff failed to raise a triable issue of fact in opposition. Smith, J.P., Goldstein, Mastro and Rivera, JJ., concur.