■ Lori Noller et al., Appellants, v Miguel Peralta et al., Defendants, and Town of Cornwall, Respondent. [941 NYS2d 700]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of (1) an order of the Supreme Court, Orange County (Slobod, J.), dated January 20, 2011, as granted the motion of the defendant Town of Cornwall for summary judgment dismissing the complaint insofar as asserted against it, and (2) a judgment of the same court dated March 2, 2011, as, upon the order, is in favor of the defendant Town of Cornwall and against them dismissing the complaint insofar as asserted against it.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the respondent.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with

the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

On May 21, 2007, at approximately 1:00 P.M., a vehicle driven by the defendant Miguel Peralta collided with a vehicle driven by the injured plaintiff, Lori Noller, at the intersection of Bridge Street and Broadway, in the Town of Cornwall. The Peralta vehicle had been proceeding westbound on Bridge Street, toward its intersection with Broadway and was governed by a yield sign. The Noller vehicle had been proceeding northbound on Broadway toward its intersection with Bridge Street and was ungoverned by any traffic control device. Neither driver intended to turn at the intersection. When Noller's vehicle had almost cleared the intersection, Peralta's vehicle struck its right rear, causing Noller's vehicle to roll over and Noller to sustain injuries. Both drivers acknowledged that their view of the street from which the other driver was approaching was at least partially obstructed by hedges. The hedges were located on the southeast quadrant corner lot, which was owned by the defendants Robert McCreanor and Barbara McCreanor (hereinafter together the McCreanors).

Noller and her husband, suing derivatively, commenced this action against Peralta and his wife (who owned the Peralta vehicle), the McCreanors, and the Town. The plaintiffs alleged, inter alia, that the accident was caused, in part, by overgrown hedges on the McCreanors' property. They also alleged that the accident was caused, in part, by the Town's negligent planning and design of the roadway, specifically its failure to install stop signs on each corner of the intersection.

The Town moved for summary judgment dismissing the complaint insofar as asserted against it. The Supreme Court granted the motion, determining, inter alia, that the Town could not be held liable for the failure to install stop signs on the corners of the intersection, nor could it be held liable for the failure to enforce Code of the Town of Cornwall § 158-14 (B) (1), as raised by the plaintiffs in opposition to the motion.

"A [municipality] is not the insurer of the safety of its roads, and 'no liability will attach unless the ascribed negligence of the [municipality] in maintaining its roads in a reasonable condition is a proximate cause of the accident' " (*Martinez v County of Suffolk*, 17 AD3d 643, 644 [2005], quoting *Stanford v State of New York*, 167 AD2d 381, 382 [1990]; *see Carlo v State of New York*, 51 AD3d 618 [2008]). Moreover, without evidence that the failure to provide a traffic control device was a proximate or

concurring cause of an accident, municipal liability may not be found (*see Alexander v Eldred*, 63 NY2d 460, 463-464 [1984]; *Atkinson v County of Oneida*, 59 NY2d 840, 841 [1983]; *Tomassi v Town of Union*, 46 NY2d 91, 98 [1978]). Such proximate cause may be found only where it is shown that "it was the very absence of the stop sign [or other traffic control device] which rendered the driver[ ] unaware of the need to stop before proceeding across the intersection" (*Applebee v State of New York*, 308 NY 502, 507 [1955]; *cf. Plantikow v City of New York*, 189 AD2d 805 [1993]). Where, however, the driver "had all the warning, all the notice of danger, that a stop sign would have afforded," there is no basis for finding that the absence of a sign caused the driver "to do anything other than [he or] she would have done had it been present" (*Applebee v State of New York*, 308 NY at 508).

Here, the Town established its prima facie entitlement to judgment as a matter of law by submitting Peralta's deposition testimony, among other things, that he saw the yield sign and that he was aware of his obstructed view of northbound traffic on Broadway approaching Bridge Street and the consequent need for him to stop before proceeding into the intersection (*see* Vehicle and Traffic Law §§ 1142, 1172; *Applebee v State of New York*, 308 NY at 508; *Pahler v Daggett*, 170 AD2d 750, 751-752 [1991]). This evidence established that the absence of stop signs was not a proximate cause of the accident. In opposition, the plaintiffs failed to raise a triable issue of fact as to whether the lack of stop signs was a proximate cause of the accident.

The plaintiffs also argued that the Town was liable for failing to enforce Code of the Town of Cornwall § 158-14 (B) (1), which provides that "[a]t all street intersections in all districts, no obstructions to vision, including landscaping, exceeding 30 inches in height above curb level shall be erected or maintained on any lot within the triangle formed by the street lines of such lot and a line drawn between points along such street lines 30 feet distant from their point of intersection" (Code of Town of Cornwall § 158-14 [B] [1]). Absent a special relationship with the plaintiff, however, a municipality may not be subject to liability for failure to enforce a statute or regulation (*see Lubitz v Village of Scarsdale*, 31 AD3d 618, 620 [2006]). The plaintiffs failed to raise a triable issue of fact as to the existence of a special relationship between the Town and the injured plaintiff (*id.*). Inasmuch as we agree with the Supreme Court that consideration of the affidavit of the plaintiff's expert would not change the result, we need not consider the parties' contentions regarding consideration of that affidavit (*see generally Construction by Singletree, Inc. v Lowe*, 55 AD3d 861 [2008]).

Accordingly, the Supreme Court properly granted the Town's motion for summary judgment dismissing the complaint insofar as asserted against it. Balkin, J.P., Eng, Hall and Sgroi, JJ., concur.