■ 84-16 Queens Boulevard Realty Corp. et al., Appellants-Respondents, v Raymours Furniture Company, Inc., Respondent-Appellant. [963 NYS2d 696]—

In an action, inter alia, to recover damages for breach of a lease, (1) the defendant appeals from two orders of the Supreme Court, Queens County (Grays, J.), dated March 13, 2011, and March 15, 2011, respectively, (2) the plaintiffs appeal, as limited by their brief, from so much of an order of the same court dated August 26, 2011, as denied their motion for summary judgment on the issue of liability on the cause of action to recover damages for breach of the lease, and granted those branches of the defendant's cross motion which were for summary judgment dismissing the cause of action to recover damages for breach of the lease and on its counterclaim to recover damages for breach of contract, and the defendant cross-appeals from so much of the order dated August 26, 2011, as denied that branch of its cross motion which was for summary judgment on its counterclaim for an award of an attorney's fee, and (3) the plaintiffs appeal, as limited by their brief, from so much of a judgment of the same court entered October 3, 2011, as, upon the order dated August 26, 2011, is in favor of the defendant and against them dismissing the cause of action to recover damages for breach of the lease, and the defendant cross-appeals from so much of the same judgment as failed to award it an attorney's fee.

Ordered that the appeals from the orders dated March 13, 2011, and March 15, 2011, respectively, and the appeal and cross appeal from the order dated August 26, 2011, are dismissed; and it is further,

Ordered that the judgment is affirmed insofar as appealed and cross-appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendant.

The appeals from the intermediate orders dated March 13, 2011, and March 15, 2011, and the appeal and cross appeal from the intermediate order dated August 26, 2011, must be dismissed, because the right of direct appeal and cross appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeals and cross appeal from the orders are brought up for review and have been considered on the appeal and cross appeal from the judgment (*see* CPLR 5501 [a] [1]).

On May 17, 2007, the defendant entered into an agreement to lease the subject premises from the plaintiffs so that it could use the premises to operate a retail furniture showroom. The lease obligated the plaintiffs to obtain certificates of occupancy

permitting the defendant to conduct its business on any of the floors of the premises. On September 7, 2007, the New York City Department of Buildings issued temporary certificates of occupancy for the premises, and the plaintiffs represented to the defendant that the premises were available for occupancy. The defendant rejected the plaintiffs' representation, on the ground, among others, that the temporary certificates of occupancy did not permit the cellar floor of the premises to be used as a retail furniture showroom. On November 20, 2007, after the parties failed to resolve the dispute, the defendant provided written notice that it was terminating the lease based upon the plaintiffs' breach of the lease.

The plaintiffs thereafter commenced this action, inter alia, to recover damages for breach of the lease. In its verified answer, the defendant asserted counterclaims to recover damages for breach of contract and to recover an attorney's fee. The plaintiffs moved for summary judgment on the issue of liability on the cause of action to recover damages for breach of the lease and the defendant cross-moved for summary judgment dismissing that cause of action and on its counterclaims.

In an order dated August 26, 2011, the Supreme Court denied the plaintiffs' motion, granted those branches of the defendant's cross motion which were for summary judgment dismissing the cause of action to recover damages for breach of the lease and on its counterclaim to recover damages for breach of contract, and denied that branch of the defendant's cross motion which was for summary judgment on its counterclaim for an award of an attorney's fee. On October 3, 2011, the Supreme Court entered a judgment in favor of the defendant and against the plaintiffs dismissing the cause of action to recover damages for breach of the lease.

The defendant demonstrated its prima facie entitlement to judgment as a matter of law dismissing the cause of action to recover damages for breach of the lease and on its counterclaim to recover damages for breach of contract by tendering admissible evidence showing that the lease required the plaintiffs to provide certificates of occupancy permitting the cellar floor of the premises to be used as a retail showroom, and that the plaintiffs failed to provide such certificates of occupancy (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). In response to the defendant's prima facie showing, the plaintiffs failed to raise a triable issue of fact. Inasmuch as consideration of an affidavit of the plaintiffs' expert submitted in opposition to the defendant's cross motion would not change the result, we need not consider the parties' contentions regarding whether that af-

fidavit should properly have been considered (*see Noller v Peralta*, 94 AD3d 830, 832 [2012]).

The parties' remaining contentions either need not be reached in light of our determination or are without merit. Dillon, J.P., Balkin, Dickerson and Hinds-Radix, JJ., concur.