JOANNE BERNARDO et al., as Guardians Ad Litem of JONELLE BERNARDO, Appellants, v CITY OF NEW YORK, Respondent, et al., Defendants. [24 NYS3d 394]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Richmond County (Aliotta, J.), dated August 5, 2014, as granted the motion of the defendant City of New York for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

On June 14, 2008, at approximately 9:15 p.m., in the midst of a rain storm, the plaintiff Jonelle Bernardo (hereinafter the plaintiff) was struck by a vehicle operated by the defendant Christina Occhinto and owned by the defendant Richard Harvey (hereinafter the Occhinto vehicle) on Arthur Kill Road, in Richmond County. Following the accident, the plaintiff never regained consciousness. The plaintiff, and her parents suing derivatively, commenced the instant action against, among others, the City of New York, alleging, among other things, that the City was negligent in maintaining a water drainage system. According to the plaintiffs, the City's alleged negligence permitted water to accumulate at a nearby bus stop and purportedly prompted the plaintiff to traverse the road and be struck by the Occhinto vehicle. The Supreme Court granted the City's motion for summary judgment dismissing the complaint insofar as asserted against it.

In support of its motion for summary judgment dismissing the complaint insofar as asserted against it, the City established its prima facie entitlement to judgment as a matter of law by demonstrating that any alleged negligence on its part was not a proximate cause of the subject accident (*see Zucker-*

*man v City of New York*, 49 NY2d 557, 562 [1980]; *Murray v State of New York*, 38 NY2d 782, 784 [1975]; *Regan v City of New York*, 127 AD3d 843, 844 [2015]; *D'Meza v City of New York*, 286 AD2d 471, 472 [2001]). In opposition, the plaintiffs' evidence was speculative and insufficient to raise a triable issue of fact (*see D'Meza v City of New York*, 286 AD2d at 472). Accordingly, the Supreme Court properly granted the City's motion for summary judgment dismissing the complaint insofar as asserted against it. Mastro, J.P., Rivera, Leventhal and Duffy, JJ., concur. ▮