■ ANTONIO LOPEZ, by His Guardian Ad Litem ARMANDO LOPEZ, Respondent, v COUNTY OF NASSAU, Appellant. [27 NYS3d 389]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Nassau County (Feinman, J.), entered February 19, 2015, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is granted.

In the early morning hours of September 21, 2011, Antonio Lopez allegedly was injured when the vehicle he was operating northbound on Stewart Avenue in Bethpage crossed into the southbound lanes, mounted a curb, and struck a tree. There were no witnesses to the accident, and Lopez had no memory of it. Subsequently, Lopez, by his guardian ad litem, Armando Lopez, commenced this action against the County of Nassau, alleging that the County was negligent in the design and maintenance of its roadway. The County moved for summary judgment dismissing the complaint. The Supreme Court denied the motion, and the County appeals.

A municipality has a nondelegable duty to maintain its roads in a reasonably safe condition (*see Friedman v State of New York*, 67 NY2d 271, 283 [1986]; *Weiss v Fote*, 7 NY2d 579, 585-586 [1960]; *Langer v Xenias*, 134 AD3d 906, 907 [2015]). A municipality is not, however, an insurer of the safety of its roads, and it will not be liable for injuries sustained by users of those roads unless its negligence proximately caused the user's injuries (*see Noller v Peralta*, 94 AD3d 830, 831 [2012]). Here, the County met its prima facie burden on its motion for summary judgment dismissing the complaint by submitting evidence demonstrating prima facie that its road was in a reasonably safe condition and that, in any event, any finding that its alleged negligence was a proximate cause of the accident would be based entirely on speculation (*see Bernardo v City of New York*, 136 AD3d 664 [2016]; *D'Meza v City of New York*, 286 AD2d 471, 472 [2001]). In opposition, the plaintiff relied entirely on speculation as to the cause of the accident and, thus, failed to raise a triable issue of fact. Accordingly, the Supreme Court should have granted the County's motion for summary judgment dismissing the complaint (*see Bernardo v City of New York*, 136 AD3d at 664; *D'Meza v City of New York*, 286 AD2d at 472). Balkin, J.P., Austin, Sgroi and LaSalle, JJ., concur.