■ Vincent Caccese, Appellant, v Liebherr Container Cranes, Ltd., Respondent, et al., Defendants. (And a Third-Party Action.) [53 NYS3d 59]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Richmond County (Straniere, J.), dated April 17, 2015, which granted the motion of the defendant Liebherr Container Cranes, Ltd., pursuant to CPLR 4401, made at the close of the plaintiff's case, for judgment as a matter of law dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed, with costs.

On August 9, 2007, the plaintiff, a longshoreman, was operating a modified tractor, referred to as a "hustler," with a modified flatbed, deemed a "red bird," attached to it. The plaintiff's task was to receive shipping containers, which were lifted from a ship and dropped onto his red bird by a ship-to-shore gantry crane. The plaintiff allegedly was injured when a container being lowered onto his red bird came into contact with the red bird at an excessive rate of speed and at an angle, causing the hustler to shake and toss him about the hustler's cabin.

The plaintiff commenced this action against, among others, the defendant Liebherr Container Cranes, Ltd. (hereinafter the defendant), which had completed a refurbishment project on the subject crane approximately three months prior to the accident. The plaintiff alleged that the defendant had negligently designed the crane's position monitoring system, such that it could intermittently fail and cause the crane to drop containers at excessive rates of speed.

The action proceeded to trial on the issue of liability. At the close of the plaintiff's case, the defendant moved pursuant to CPLR 4401 for judgment as a matter of law dismissing the complaint insofar as asserted against it. The Supreme Court, in an order dated April 17, 2015, granted the motion.

" 'A defendant's motion pursuant to CPLR 4401 should be granted only when, accepting the plaintiff's evidence as true, and according that evidence the benefit of every favorable inference that can reasonably be drawn from it, there is no rational process by which the jury could find for the plaintiff against the moving defendant' " (*Pickering v Lehrer, McGovern, Bovis, Inc.*, 25 AD3d 677, 678 [2006], quoting *Johnson v Jamaica*

*Hosp. Med. Ctr.*, 21 AD3d 881, 882 [2005]). "In making this determination, a court must not engage in a weighing of the evidence, nor may it direct a verdict where the facts are in dispute, or where different inferences may be drawn or the credibility of witnesses is in question" (*Hernandez v Pappco Holding Co., Ltd.*, 136 AD3d 981, 983 [2016] [internal quotation marks omitted]).

"Whether an action is pleaded in strict products liability, breach of warranty, or negligence, the plaintiffs must prove that the alleged defect is a substantial cause of the events which produced the injury" (*Fahey v A.O. Smith Corp.*, 77 AD3d 612, 615 [2010]; *see Derdiarian v Felix Contr. Corp.*, 51 NY2d 308, 315 [1980]). Here, even assuming that the crane's position monitoring system was defectively designed by the defendant, the plaintiff failed to establish that the subject crane actually malfunctioned at the time of his accident so as to demonstrate that any defective design was a substantial factor in causing his injury. The plaintiff's expert evidence in this respect, which was based solely on general descriptions of the accident by eyewitnesses, was purely speculative (*cf. Lopez v County of Nassau*, 137 AD3d 1227, 1228 [2016]). Therefore, the plaintiff failed to establish a prima facie case on his causes of action sounding in negligent design and strict products liability, and, for the same reason, breach of express or implied warranties.

Accordingly, the Supreme Court correctly granted the defendant's motion, made at the close of the plaintiff's case, pursuant to CPLR 4401 for judgment as a matter of law dismissing the complaint insofar as asserted against it. Leventhal, J.P., Sgroi, Hinds-Radix and LaSalle, JJ., concur.