Lorenzo v Garley (2021 NY Slip Op 00305)





Lorenzo v Garley


2021 NY Slip Op 00305


Decided on January 20, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 20, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
COLLEEN D. DUFFY
ANGELA G. IANNACCI
PAUL WOOTEN, JJ.


2019-11017
 (Index No. 860/17)

[*1]Peter R. Lorenzo, et al., appellants,
v
John J. Garley, defendant, Emerald Point Restaurant & Marina, Inc., et al., respondents.


Goldstein & Goldstein, LLP, Poughkeepsie, NY (Paul J. Goldstein of counsel), for appellants.
Marin Goodman, LLP, Harrison, NY (William K. Kerrigan of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Orange County (Maria S. Vazquez-Doles, J.), dated August 28, 2019. The order, insofar as appealed from, granted that branch of the motion of the defendants Emerald Point Restaurant & Marina, Inc., and Rablo Incorporated which was for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On June 18, 2016, the plaintiffs were walking in a parking lot of a restaurant owned by the defendant Rablo Incorporated and leased to the defendant Emerald Point Restaurant & Marina, Inc. (hereinafter together the restaurant defendants), when they allegedly were struck by a vehicle operated by the defendant John J. Garley. The plaintiffs commenced this action against the defendants, contending, inter alia, that the parking lot was negligently designed. In an order dated August 28, 2019, the Supreme Court, inter alia, granted that branch of the restaurant defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against them. The plaintiffs appeal.
"An owner of property or tenant in possession of real property has a duty to maintain the property in a reasonably safe condition" (Costidis v City of New York, 159 AD3d 871; see Basso v Miller, 40 NY2d 233, 241). Here, the restaurant defendants established their prima facie entitlement to judgment as a matter of law by demonstrating that the parking lot was in a reasonably safe condition and not negligently designed (see Zuckerman v City of New York, 49 NY2d 557, 562). In opposition, the plaintiffs failed to raise a triable issue of fact. "[T]he conclusion of the [plaintiffs'] expert that the parking lot was defectively designed, without setting forth any violations of industry wide standards or accepted practices in the field of parking lot design and construction, was insignificant" and failed to defeat the restaurant defendants' prima facie entitlement to judgment as a matter of law (Trojahn v O'Neill, 5 AD3d 472, 473; see Salas v Adirondack Tr. Lines, Inc., 172 AD3d 775, 776; Perrotta v Simon Prop. Group, Inc., 11 AD3d 596).
In light of our determination, we need not address the parties' remaining contentions.
Accordingly, the Supreme Court properly granted that branch of the restaurant defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against them.
RIVERA, J.P., DUFFY, IANNACCI and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court