Landsman v Tolo (2021 NY Slip Op 03315)





Landsman v Tolo


2021 NY Slip Op 03315


Decided on May 26, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 26, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2020-00417 
2020-00432
 (Index No. 31057/17)

[*1]Stacey Landsman, etc., appellant, 
v
Cynthia Tolo, et al., defendants, Pearl River Shop-Rite Associates, Inc., et al., respondents.


Dwight D. Joyce, Stony Point, NY, for appellant.
Alan R. Lewis, Newburgh, NY, for respondents Pearl River Shop-Rite Associates, Inc., GBR Middletown Road, LLC, Glass Gardens, Inc., Gibraltar Management Co., and Glass Beverages of N.Y., Inc.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from two orders of the Supreme Court, Rockland County (Rolf M. Thorsen, J.), both dated December 12, 2019. The first order, insofar as appealed from, granted that branch of the motion of the defendants Pearl River Shop-Rite Associates, Inc., GBR Middletown Road, LLC, Glass Gardens, Inc., Gibraltar Management Co., and Glass Beverages of N.Y., Inc., which was for summary judgment dismissing the complaint insofar as asserted against them. The second order, insofar as appealed from, denied that branch of the plaintiff's motion which was for leave to amend the complaint.
ORDERED that the orders are affirmed insofar as appealed from, with one bill of costs.
On December 7, 2015, the plaintiff's son (hereinafter the child), then a high school student, was crossing the exit and entrance lanes to a supermarket parking lot on his scooter when he was struck by a car entering the parking lot. The child's mother commenced the instant personal injury action on behalf of the child, against, among others, the lessee of the supermarket property, Pearl River Shop-Rite Associates, Inc., the owner and managing agent of the property, GBR Middletown Road, LLC, and Gibraltar Management Co., respectively, and other entities having some connection to either the property or the lessee (hereinafter collectively the defendants). The defendants subsequently moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against them and the plaintiff moved, among other things, for leave to amend the complaint. By order dated December 12, 2019, the Supreme Court, inter alia, granted that branch of the defendants' motion, and by separate order of the same date, denied that branch of the plaintiff's motion. The plaintiff appeals.
Contrary to the plaintiff's contention on appeal, she did not raise a triable issue of fact as to whether the parking lot was negligently designed. The conclusion of the plaintiff's expert that the parking lot was defectively designed, without setting forth any violations of industry-wide standards or accepted practices in the field of parking lot design and construction, was insignificant [*2]and insufficient to raise a triable issue of fact (see Trojhan v O'Neil, 5 AD3d 472, 473; see also Lorenzo v Garley, 190 AD3d 847, 848).
Contrary to the plaintiff's further contention, she failed to raise a triable issue of fact as to whether the child's injuries were proximately caused by negligence on the part of the defendants, in the form of an alleged direction to the child by the supermarket's manager to ride his scooter in an area that required him to cross the entrance and exit lanes. Any such negligence on the part of the defendants merely furnished the occasion for the accident but was not one of its causes (see Estate of Goldstein v Kingston, 153 AD3d 1235; Riccio v Kid Fit, Inc., 126 AD3d 873, 874; Batista v City of New York, 101 AD3d 773, 778).
A motion for leave to amend a complaint should be freely granted, absent prejudice or surprise directly resulting from the delay in seeking leave, unless the proposed amendment is palpably insufficient or patently devoid of merit (see CPLR 3025[b]; Feldman v Finkelstein & Partners, LLP, 76 AD3d 703, 705). Here, the Supreme Court did not improvidently exercise its discretion in denying that branch of the plaintiff's motion which was for leave to amend the complaint, because the proposed amendment was patently devoid of merit.
Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against them and properly denied that branch of the plaintiff's motion which was for leave to amend the complaint.
CHAMBERS, J.P., AUSTIN, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court