Huertas v Town of Smithtown (2024 NY Slip Op 01799)

Huertas v Town of Smithtown

2024 NY Slip Op 01799

Decided on April 3, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 3, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
CHERYL E. CHAMBERS
DEBORAH A. DOWLING
LILLIAN WAN, JJ.

2020-06481
 (Index No. 38837/07)

[*1]Robert Huertas, respondent, 
v
Town of Smithtown, appellant, et al., defendants.

Devitt Spellman Barrett, LLP, Smithtown, NY (John M. Denby of counsel), for appellant.
Hasapidis Law Offices, South Salem, NY (Annette G. Hasapidis of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Town of Smithtown appeals from an order of the Supreme Court, Suffolk County (Denise F. Molia, J.), dated August 17, 2020. The order denied that defendant's motion for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is reversed, on the law, with costs, and the motion of the defendant Town of Smithtown for summary judgment dismissing the complaint insofar as asserted against it is granted.
On September 16, 2006, between 4:00 a.m. and 5:00 a.m., the plaintiff lost control of his vehicle after failing to negotiate a curve on Lawrence Avenue in Smithtown. The curve was preceded by a curve warning and reduced speed limit sign. Following the accident, the plaintiff could not remember what occurred. There were no known witnesses to the accident. The plaintiff commenced this action against the Town of Smithtown, among others, alleging that the Town was negligent in failing to install adequate traffic control devices and in its maintenance of the roadway. The Town moved for summary judgment dismissing the complaint insofar as asserted against it. In an order dated August 17, 2020, the Supreme Court denied the Town's motion, and the Town appeals.
A municipality has a nondelegable duty to maintain its roads in a reasonably safe condition (see Liberty Mut. Ins. Co. v Norton, 219 AD3d 718, 719-720; Lopez v County of Nassau, 137 AD3d 1227, 1228). "A municipality is not, however, an insurer of the safety of its roads, and it will not be liable for injuries sustained by users of those roads unless its negligence proximately caused the user's injuries" (Lopez v County of Nassau, 137 AD3d at 1228; see Noller v Peralta, 94 AD3d 830, 831). "Such proximate cause may be found only where it is shown that it was the very [absence of the traffic control device] which rendered the driver[ ] unaware of the need to [adhere to its warnings] before proceeding" (Liberty Mut. Ins. Co. v Norton, 219 AD3d at 719 [internal quotation marks omitted]).
Here, the Town demonstrated, prima facie, that the plaintiff could not establish that [*2]the allegedly inadequate curve warning sign was a proximate cause of the crash without resorting to speculation (see Murray v State of New York, 38 NY2d 782, 784; Liberty Mut. Ins. Co. v Norton, 219 AD3d at 719-720; Lopez v County of Nassau, 137 AD3d at 1228; Donato v County of Schenectady, 156 AD2d 859, 861). In light of the evidence proffered by the Town, which included evidence that the plaintiff had no recollection as to how the accident occurred and that there were no eyewitnesses, "it was equally likely that a factor other than the [allegedly inadequate sign] caused" the plaintiff to leave the roadway (Liberty Mut. Ins. Co. v Norton, 219 AD3d at 720; see Murray v State of New York, 38 NY2d at 784).
In opposition, the plaintiff failed to raise a triable issue of fact. The plaintiff submitted an affidavit confirming that he did not have "a recollection of the accident," but purported to offer testimony as to his "custom and practice" while driving of always paying attention to road conditions and heeding traffic control signs. "[E]vidence of 'conduct however frequent yet likely to vary from time to time depending upon the surrounding circumstances' is not admissible as custom and practice evidence" (Martin v Timmins, 178 AD3d 107, 110, quoting Rivera v Anilesh, 8 NY3d 627, 634 [internal quotation marks omitted]). "Custom and practice evidence draws its probative value from the repetition and unvarying uniformity of the procedure involved as it depends on the inference that a person who regularly follows a strict routine in relation to a particular repetitive practice is likely to have followed that same strict routine at a specific date or time relevant to the litigation" (Galetta v Galetta, 21 NY3d 186, 197-198). The testimony proffered by the plaintiff did not satisfy the standard for custom and practice evidence, and therefore failed to raise a triable issue of fact (see id. at 198; see also Martin v Timmins, 178 AD3d at 110). Likewise, the opinion of the plaintiff's expert, that the Town's failure to install a sharp curve sign instead of a gradual curve sign was a cause of the plaintiff's accident, was conclusory and speculative, and therefore failed to raise a triable issue of fact to defeat summary judgment (see Constantino v Webel, 57 AD3d 472, 472-473).
Accordingly, the Supreme Court should have granted the Town's motion for summary judgment dismissing the complaint insofar as asserted against it (see Liberty Mut. Ins. Co. v Norton, 219 AD3d at 720).
The parties' remaining contentions need not be reached in light of the foregoing determination.
BRATHWAITE NELSON, J.P., CHAMBERS, DOWLING and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court