Brennan v Vasquez (2026 NY Slip Op 00115)

Brennan v Vasquez

2026 NY Slip Op 00115

Decided on January 14, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 14, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
BARRY E. WARHIT
LILLIAN WAN
PHILLIP HOM, JJ.

2023-06275
 (Index No. 3693/17)

[*1]James Brennan, respondent, 
vJorge A. Vasquez, etc., appellant, et al., defendants.

Jorge A. Vasquez, Elmhurst, NY, appellant pro se.
Richard J. Soleymanzadeh, P.C., Carle Place, NY, for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of fiduciary duty, the defendant Jorge A. Vasquez appeals from a judgment of the Supreme Court, Queens County (Tracy Catapano-Fox, J.), entered March 30, 2023. The judgment, insofar as appealed from, upon the granting of that branch of the plaintiff's motion which was pursuant to CPLR 4401, made at the close of evidence, for judgment as a matter of law on the issue of liability on the cause of action alleging breach of fiduciary duty against the defendant Jorge A. Vasquez, and upon a jury verdict, is in favor of the plaintiff and against the defendant Jorge A. Vasquez in the principal sum of $295,500.
ORDERED that the judgment is reversed insofar as appealed from, on the law, with costs, that branch of the plaintiff's motion which was pursuant to CPLR 4401 for judgment as a matter of law on the issue of liability on the cause of action alleging breach of fiduciary duty against the defendant Jorge A. Vasquez is denied, and the matter is remitted to the Supreme Court, Queens County, for a new trial on that cause of action.
The plaintiff commenced this action against the defendants, Jorge A. Vasquez, Ariel A. Del Gobbo, Delgobbo & Associates, Inc., and Exit Realty Direct, asserting, inter alia, causes of action to recover damages for breach of fiduciary duty and conversion. At a jury trial, evidence was elicited that in 2016, the plaintiff hired Vasquez, who was a licensed attorney in New York at the time, to represent him in the sale of his home. Del Gobbo was the plaintiff's real estate agent in that transaction. The closing occurred in October 2016.
Thereafter, Vasquez, as the plaintiff's attorney and at the plaintiff's behest, drafted a promissory note dated October 17, 2016, memorializing a loan in the sum of $300,000 from the plaintiff's corporation J. L. Brennan, Inc., to Del Gobbo and Delgobbo & Associates, Inc. The note initially provided for 7% interest per year, but, according to Vasquez, the plaintiff insisted on lowering the interest to 6% per year "because [the plaintiff and Del Gobbo] are friends." The note did not state the purpose of the loan, but testimony indicated that its purpose was to allow Del Gobbo to open a real estate office where Del Gobbo would serve as the broker and the plaintiff would be involved, in effect, as a silent partner in some capacity. On October 24, 2016, Vasquez transferred $300,000, a portion of the plaintiff's proceeds from the sale of his home, from Vasquez's IOLTA account to Del Gobbo's bank account. Vasquez testified that at that juncture, his representation of the plaintiff ceased.
On October 31, 2016, Del Gobbo transferred the $300,000 back to Vasquez, who used the money to open a real estate office, Exit Realty Direct, where Vasquez would serve as the broker, allegedly without the knowledge or consent of the plaintiff. Del Gobbo testified that he approached Vasquez about becoming the broker of record only after Del Gobbo had received the loan money. Del Gobbo also testified that the plaintiff knew that Del Gobbo was not a licensed broker and that the plaintiff was present when Del Gobbo and Vasquez discussed Vasquez's involvement.
The plaintiff attended the grand opening of the real estate office. Del Gobbo began repaying the loan. The plaintiff testified that once he discovered that Del Gobbo was not the broker of record, he stopped accepting installment payments on the loan because accepting payments would be a "red flag," since he wanted to start litigation.
At the close of evidence, the plaintiff moved, inter alia, pursuant to CPLR 4401 for judgment as a matter of law on the issue of liability on the cause of action alleging breach of fiduciary duty against Vasquez, and the Supreme Court granted that branch of the plaintiff's motion. Thereafter, the jury returned a verdict in favor of Vasquez and against the plaintiff on the remaining causes of action. The jury also returned a verdict in favor of the plaintiff and against Del Gobbo on the cause of action alleging conversion and awarding damages in the sum of $295,500, consisting of the balance due from the $300,000 loan, plus interest of 6% from the date of the commencement of the action. Subsequently, the court entered a judgment in favor of the plaintiff and against the defendants, jointly and severally, in the principal sum of $295,500. Vasquez appeals.
"CPLR 4401 provides that any party may move for judgment as a matter of law after the close of the evidence presented by an opposing party" (Whitehall v Andrade, 231 AD3d 1094, 1095). "A trial court's grant of a CPLR 4401 motion for judgment as a matter of law is appropriate where the trial court finds that, upon the evidence presented, there is no rational process by which the fact trier could base a finding in favor of the nonmoving party" (Countrywide Home Loans, Inc. v Gibson, 157 AD3d 853, 855 [internal quotation marks omitted]; see Szczerbiak v Pilat, 90 NY2d 553, 556). In considering such a motion, the evidence must be construed in the light most favorable to the nonmoving party (see Chicoine v Mendola, 233 AD3d 841, 843). Moreover, "the motion should not be granted where the facts are in dispute, where different inferences may be drawn from the evidence, or where the credibility of the witnesses is in question" (Cioffi v Klein, 131 AD3d 914, 915-916 [internal quotation marks omitted]; see Chicoine v Mendola, 233 AD3d at 843; Caccese v Liebherr Container Cranes, Ltd., 149 AD3d 688, 689).
The elements of a cause of action alleging breach of fiduciary duty are "(1) the existence of a fiduciary relationship, (2) misconduct by the defendant, and (3) damages directly caused by the defendant's misconduct" (374-76 Prospect Place Tenants Assn., Inc. v City of New York, 231 AD3d 911, 914 [internal quotation marks omitted]; see Stinner v Epstein, 162 AD3d 819, 820; Village of Kiryas Joel v County of Orange, 144 AD3d 895, 898). An attorney owes a fiduciary duty to his or her client "to deal fairly, honestly and with undivided loyalty . . . , including maintaining confidentiality, avoiding conflicts of interest, operating competently, safeguarding client property and honoring the clients' interests over the lawyer's" (Matter of Cooperman, 83 NY2d 465, 472; see Saint Annes Dev. Co. v Batista, 165 AD3d 997, 997-998; Jay Deitz & Assoc. of Nassau County, Ltd. v Breslow & Walker, LLP, 153 AD3d 503, 505).
Here, the jury could have rationally found that Vasquez did not have a conflict of interest when he entered into an arrangement with Del Gobbo after Vasquez's representation of the plaintiff had ceased. The Supreme Court concluded that Vasquez knew that Del Gobbo did not have a broker's license when Vasquez represented the plaintiff in the promissory note transaction. However, the jury could have rationally found that Vasquez did not know this information, as Del Gobbo testified that he approached Vasquez about becoming the broker of record only after Del Gobbo had received the loan money. Del Gobbo also testified that the plaintiff knew that Del Gobbo was not licensed and was informed of Vasquez's involvement.
The plaintiff contends that judgment as a matter of law on the issue of liability on the cause of action alleging breach of fiduciary duty against Vasquez was proper because Vasquez failed [*2]to competently advise the plaintiff in the promissory note transaction and characterized it as a "safe investment," despite the fact that the loan was unsecured. It is not clear from this record that the plaintiff relied upon any characterization by Vasquez of the nature of the loan, as it appears from the testimony that the plaintiff decided to loan Del Gobbo the money without Vasquez's input and on favorable terms because Del Gobbo was the plaintiff's friend, and the money was in fact used for its intended purpose of opening a real estate office.
Under the circumstances, the issues of fact should have been left to the jury to decide, and the Supreme Court improperly granted that branch of the plaintiff's motion which was pursuant to CPLR 4401 for judgment as a matter of law on the issue of liability on the cause of action alleging breach of fiduciary duty against Vasquez (see C.K. Rehner, Inc. v Arnell Constr. Corp., 303 AD2d 439, 440).
The parties' remaining contentions either are not properly before this Court, are without merit, or need not be addressed in light of our determination.
BARROS, J.P., WARHIT, WAN and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court