Kebbe v County of Suffolk (2026 NY Slip Op 01777)

Kebbe v County of Suffolk

2026 NY Slip Op 01777

Decided on March 25, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 25, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
WILLIAM G. FORD
LILLIAN WAN
LOURDES M. VENTURA, JJ.

2025-06900
 (Index No. 603351/21)

[*1]Claude Kebbe, etc., et al., appellants, 
vCounty of Suffolk, respondent, et al., defendant.

Sullivan Papain Block McManus Coffinas & Cannavo, P.C., Garden City, NY (Stephen C. Glasser and Christopher J. DelliCarpini of counsel), for appellants.
Vincent D. McNamara, East Norwich, NY (Emily R. Linko of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff Claude Kebbe, as administrator of the estate of Christine Muldoon-Kebbe, deceased, and purportedly the plaintiff Christine Muldoon-Kebbe, individually, appeal from an order of the Supreme Court, Suffolk County (Joseph A. Santorelli, J.), dated May 27, 2025. The order, insofar as appealed from, granted that branch of the motion of the defendant County of Suffolk which was for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the appeal purportedly taken by the plaintiff Christine Muldoon-Kebbe is dismissed; and it is further,
ORDERED that the order is affirmed insofar as appealed from by the plaintiff Claude Kebbe; and it is further,
ORDERED that one bill of costs is awarded to the defendant County of Suffolk.
The appeal purportedly taken by the plaintiff Christine Muldoon-Kebbe, who is deceased, must be dismissed (cf. Dagastino v Crown Container, Inc., 241 AD3d 635).
In October 2020, William P. Vogel, who was operating a vehicle on County Route 80 in Southhampton, entered the oncoming lane of travel and struck a vehicle operated by Christine Muldoon-Kebbe. Vogel and Muldoon-Kebbe were both killed in the accident. Claude Kebbe, as administrator of Muldoon-Kebbe's estate (hereinafter the plaintiff), commenced this action against the defendant Patricia Vogel-Heiss, as executor of Vogel's estate, and the defendant County of Suffolk. The plaintiff alleged, inter alia, that the accident was caused by the County's negligent design and maintenance of the roadway where the accident occurred. Thereafter, the County moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against it. In an order dated May 27, 2025, the Supreme Court, among other things, granted that branch of the County's motion. This appeal ensued.
"A municipality has a nondelegable duty to maintain its roads in a reasonably safe [*2]condition" (Huertas v Town of Smithtown, 226 AD3d 656, 657; see Liberty Mut. Ins. Co. v Norton, 219 AD3d 718, 719-720). "A municipality is not, however, an insurer of the safety of its roads, and it will not be liable for injuries sustained by users of those roads unless its negligence proximately caused the user's injuries" (Lopez v County of Nassau, 137 AD3d 1227, 1228; see Liberty Mut. Ins. Co. v Norton, 219 AD3d at 719). Here, the County submitted evidence demonstrating, prima facie, that the subject roadway was in a reasonably safe condition and that any alleged negligence on its part was not a proximate cause of the accident (see Lopez v County of Nassau, 137 AD3d at 1228; Bernardo v City of New York, 136 AD3d 664, 664). In opposition, the plaintiff failed to raise a triable issue of fact. The expert affirmation submitted by the plaintiff in opposition to the County's motion was conclusory and speculative and failed to set forth any violations of industry-wide standards or accepted practices (see Huertas v Town of Smithtown, 226 AD3d at 658; Dagnino v Key Bank, 200 AD3d 756, 758; Landsman v Tolo, 194 AD3d 1034, 1035). Accordingly, the Supreme Court properly granted that branch of the County's motion which was for summary judgment dismissing the complaint insofar as asserted against it.
CHAMBERS, J.P., FORD, WAN and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court